THE PEOPLE *ex rel.* Morris, State's Attorney,

*v.*

JASPER I. MOUTRAY *et al.*

*Filed at Mt. Vernon May 10, 1897.*

1. ATTORNEYS AT LAW—*information to strike from roll need not be in form of indictment.* An information to strike attorneys from the roll for misconduct in office is a civil proceeding, and not a prosecution which must, under the constitution, be carried on in the name and by the authority of the People, and conclude "against the peace and dignity" of the same.

2. SAME—*falsifying bill of exceptions and transcript warrants disbarment of attorneys.* Falsifying a bill of exceptions after the judge has signed it, and procuring the clerk to certify a transcript of the record containing the false matters, is such misconduct on the part of attorneys that the Supreme Court will, in the exercise of the discretion conferred by statute, strike such attorneys from the roll.

3. SAME—*alleged ignorance will not excuse gross misconduct of attorney.* Changing a bill of exceptions incorporated into the record so as to make it speak falsehood instead of truth, evidences a want of moral sense which disqualifies an attorney for the duties of the legal profession, and the act cannot be excused on the ground of ignorance.

4. SAME—*effect of use by attorney, in argument, of forged testimony.* An experienced attorney of large practice, who has tried a cause and knows what evidence was in fact given therein, cannot justify the use by him, in his printed brief and argument in the Appellate Court, of testimony forged into the bill of exceptions and transcript by his associate, upon the ground that he knew nothing of the alterations and supposed the transcript was correct.

5. SAME—*duty of court to protect the administration of justice against corrupt practices.* The Supreme Court will guard and maintain the character of the legal profession, and protect courts and litigants against attorneys who indulge in practices designed to corrupt and defeat the administration of justice.

ORIGINAL information to strike attorneys from roll.

H. G. MORRIS, State's Attorney, JOHN LYNCH, Jr., R. B. WITCHER, and T. W. HUTCHINSON, for relator.

J. C. ALLEN, R. P. HANNA, and C. H. PATTON, for respondents.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An information, duly verified, was filed in this court by the State's attorney of Richland county, on the relation of eight members of the bar of that county, against the respondents, Jasper I. Moutray and Mark O. Moutray, attorneys of that county, for the purpose of having their names stricken from the roll of attorneys of this court. The charges made were, that respondents had mutilated, erased, changed, altered and forged a bill of exceptions, duly signed and sealed by the judge of the circuit court of said county and filed in the office of the clerk of said court, in a certain prosecution for bastardy against their brother, Van Orlo Moutray, and constituting a record of said court; that they had made a false and fraudulent transcript of the record in said cause, including said false and forged bill of exceptions; that they had practiced fraud and deceit upon the clerk of said circuit court by procuring him to certify to said false and fraudulent transcript of the record as true; that they had likewise practiced fraud and deceit upon the Appellate Court for the Fourth District by filing said false and fraudulent transcript in said Appellate Court, and preparing and filing therein an abstract of said false record, and an argument quoting and presenting to said court the false and forged testimony exhibited by said false record, and that they had presented to and filed in said Appellate Court a false, fraudulent and forged affidavit on the hearing of a motion to quash said false and fraudulent record. The respondents severally answered the information with a simple general denial of guilt, and the cause was referred to a commissioner to take and report to the court the evidence of the respective parties. The evidence has been taken and reported in compliance with the order, and the case having been argued by the parties, is submitted for decision.

Respondents object to the form of the information because it is not in the name and by the authority of the People of the State of Illinois, and does not conclude against the peace and dignity of the same. This objection was held of no avail on the appeal of respondents in *Moutray* v. *People*, 162 Ill. 194. The statute authorizes us, in our discretion, to strike the name of any attorney from the roll for malconduct in his office. Such a proceeding is of a civil character, and not for the purpose of punishment. It is not a prosecution which must be carried on in the name of the People, and the provision of the constitution relied upon has no application. Shinn's Ill. Pl. & Pr. sec. 1249.

The following facts were established by the evidence, and there is no controversy about them: Respondents were attorneys for their brother, Van Orlo Moutray, and prosecuted an appeal for him from the judgment of the circuit court of Richland county. The bill of exceptions was signed and sealed May 30, 1895, by the judge who heard the case, and was delivered to respondent Jasper I. Moutray shortly after, and was filed June 4, 1895, in the office of the clerk of the circuit court. From that time until August 28, 1895, it remained in the custody of respondents at their office in Olney. While in their possession it was altered in numerous places with pencil, by erasures and interlineations. The answer "yes" was changed to "no," names were transposed in answers, and false and fraudulent testimony was manufactured and inserted in various places. The changes and additions represented the witnesses as testifying to acts never mentioned by them in their testimony at the trial, and in other cases made them testify directly contrary to the evidence actually given. The bill of exceptions as so falsified tended to establish a good defense, and to show that the verdict and judgment were against the evidence. A transcript of the record was made on a typewriter by the respondent Mark O. Moutray, including the false and

fraudulent bill of exceptions as so altered. This transcript was taken by respondent Jasper I. Moutray to the clerk of the circuit court without the bill of exceptions, and the clerk certified to it without comparison and in the absence of the bill of exceptions, in the belief that it was true and correct. An abstract of the record as falsified and altered was printed, and a brief and argument containing and reciting the false and fraudulent parts of such record and abstract were made and printed and were presented by respondents to the Appellate Court for the Fourth District and filed therein. In the argument the false and manufactured testimony was quoted and relied upon for a reversal of the judgment. The fraudulent character of the record being thus brought to the notice of the attorneys for the People by this argument, a motion was entered in the Appellate Court to quash the record. On the hearing of this motion respondents presented the affidavit of Levi Clodfelter, who had read some part of the bill of exceptions to respondent Mark O. Moutray while the latter ran the typewriter in making the transcript. This affidavit, as originally drawn, recited that the affiant assisted in making the transcript of the record from the bill of exceptions. He refused to sign it in that form and insisted upon a change by interlining the word "part," so as to show that he assisted in making part of the record. That word was interlined and he swore to the affidavit. The affidavit was afterward altered by erasing that word. Respondents denied changing Clodfelter's affidavit, and said that they did not know who did it. Clodfelter testified that the affidavit was further altered by an interlineation, by which it was made to appear that the transcript was typewritten by him. Such an interlineation appears, and the affidavit as presented to the Appellate Court was confessedly false, since the respondent Mark O. Moutray did the typewriting. The affidavit as Clodfelter testifies it was when he signed it, was true. The alteration by

erasure is admitted to have been done by some one, but it is claimed that the interlineation was in the affidavit when sworn to.

It will be seen, therefore, that the things charged in the information to have been done were all proved and admitted to have been done by somebody, and it is also admitted that they were mainly committed by the respondent Mark O. Moutray, who assumes whatever responsibility may attach to them. He testified that he made the alterations in the bill of exceptions; that he did it for the purpose of using the bill of exceptions as copy for the printer in printing an abstract, to save writing out the whole of the evidence, and that he erased his work as soon as the printer was done with it. As before stated, he made the transcript, copying into it the bill of exceptions as changed and altered by him. He ran the typewriter and had the bill of exceptions read to him. Some part of it was read by Clodfelter and the rest by others. Respondents also introduced witnesses who saw Mark O. Moutray interlining the bill of exceptions. One of them said that he would write a while and then scratch it out and write again, and another who saw him interline it asked him what he was doing, and he said he "was abstracting the evidence." The witness told him he had better be careful or he would have trouble, or as the witness afterward said, "If you don't be careful you'll get your foot into it." He testified that in making these alterations, in which he erased whole answers and substituted entirely different ones and stuffed the record with falsehood, he had no intention of doing any wrong or injuring any person. He boldly asserts that from ignorance and inexperience he did not know there was any harm in adding to and changing the testimony of witnesses so as to deceive the court as to the evidence introduced at the trial and to make a defense where none existed. He was twenty-seven years old, had had charge of two or three cases in the Appellate Court, had made

abstracts in them, had studied law sufficiently to be admitted to the bar, and must have known the uses and objects of testimony. It can hardly be supposed that he understood that the making of an abstract of the evidence properly included additions to it and changing the answers of witnesses so as to make them testify the opposite to what they did in fact. But if his testimony is true, it evidences a want of moral sense which would render him incapable of appreciating and discharging the duties and obligations of a lawyer toward the courts. If, at his age and with his experience, he cannot discern the necessity and propriety of observing the truth and not imposing upon the courts by falsehood, it is plainly our duty to protect litigants against such practices as he indulges in, although he may not think them improper. A person with such ideas should not be numbered among members of the profession whose duty it is to aid in establishment of truth and the administration of justice.

Respondents' efforts have been mainly directed to relieving the respondent Jasper I. Moutray from responsibility. They both testify that he knew nothing about the fraudulent alterations. They were rubbed out or erased so as to make a dirty sort of blur, and some of them are scarcely legible, but most of them can still be distinguished and read. On the question whether interlineations were in the handwriting of Jasper I. Moutray the evidence was conflicting, a large number of witnesses being examined in the case. It was also conflicting as to whether he replied to the clerk's inquiry whether the transcript was correct when asked to certify to it, that it was correct, or that he supposed that it was correct but did not know. But giving him the benefit of every reasonable doubt, and assuming that he did not actually do any of the work of alteration or make the false representation to the clerk, as alleged, we think there can be no doubt that he knew the evidence contained in the transcript and copied into his argument to be different from

what was testified to at the trial, and that it contained testimony not presented at the trial at all. His connection with the prosecution against his brother commenced before the justice of the peace. He was thirty-eight years old when he testified in this case. He had been State's attorney of Richland county four years, master in chancery two years, and was an experienced lawyer of large practice. He drew affidavits for continuances of the suit, setting up defenses of the same character as were made to appear by the fraudulent alteration. He was one of the attorneys at the trial in the circuit court, was present all the time, and heard all the evidence in the case. He says that he wrote his brief and argument from the transcript of the record without seeing the bill of exceptions from which it was copied, and when he quoted the false testimony and the altered answers, the opposite of what the witnesses said, he supposed that the transcript was correct. It is incredible that he could have believed that the evidence fraudulently inserted, and that was given by no witness on the trial, was true or correct. Such a want of recollection in a case that he had recently tried, of such personal interest on account of his relationship to the defendant, and in which he had further considered the evidence sufficiently to take it to the Appellate Court, would be most remarkable.

So far as the alteration of Clodfelter's affidavit is concerned, although no person but respondents had any motive to change it, we may accept the denial interposed.

From the conclusion of fact as to the knowledge of respondent Jasper I. Moutray there can be but one result. It is our duty to guard and maintain the character of the profession, and to protect the courts and litigants against those who indulge in practices designed to corrupt and defeat the administration of justice. One of the respondents has admitted the commission of the acts charged, and the evidence leaves no reasonable doubt that the other is equally guilty. The rule will therefore be made

absolute, and an order will be entered striking the names of the respondents, Mark O. Moutray and Jasper I. Moutray, from the roll of attorneys of this court.

*Rule made absolute.*