THE PEOPLE *ex rel.* Chicago Bar Association, Relator, *vs.*
JOHN E. AMOS, JR., Respondent.

*Opinion filed October 28, 1910.*

1. DISBARMENT—*power of court to disbar attorney is judicial.*
The Supreme Court has power to determine who are qualified to
become its officers as attorneys and for what cause they shall be
removed, but this power is judicial and is not an arbitrary one, to
be exercised according to the pleasure of the court.

2. SAME—*power to disbar should be exercised according to the
rules of law.* The power to disbar an attorney should be exercised
with sound and just discretion according to the same rules of law
which govern in the determination of other civil rights which are
brought before the court for disposal.

3. SAME—*the evidence in disbarment must be legally competent.*
In a disbarment proceeding the evidence on either side must be
such as is legally competent to maintain the issue, as it is not
consonant with law or justice that the respondent's right to prac-
tice law should be determined upon evidence which could not be
competent against him in a civil suit.

4. SAME—*when a rule to show cause must be discharged.* The
record of a civil suit against an attorney, in which only private
rights were represented, may be used as the basis for a rule to
show cause why the attorney should not be disbarred, but the rec-
ord itself is not admissible against him in the disbarment proceed-
ing; and if such record constitutes the only basis for the com-
missioner's findings against the attorney the rule to show cause
must be discharged.

5. RES JUDICATA—*the doctrine of res judicata does not apply
against or in favor of a stranger.* A decree in a civil suit against
an attorney by the conservator of his former client is binding as
between the parties, or those in privity with them, in subsequent
proceedings; but the doctrine of *res judicata* has no application
against or in favor of any one not a party to the suit, and the rec-
ord is not admissible in evidence in a subsequent disbarment pro-
ceeding against the attorney.

INFORMATION to disbar.

JOHN L. FOGLE, for relator.

HELMER, MOULTON & WHITMAN, for respondent.

Mr. JUSTICE DUNN delivered the opinion of the court:

On June 17, 1907, an information was filed by the State's attorney of Cook county, on the relation of the committee on grievances of the Chicago Bar Association, for the disbarment of the respondent, John E. Amos, Jr. The charges made related to the alleged unprofessional conduct of the respondent in connection with the affairs of Joseph J. Miller, who became the respondent's client in October, 1902, and in substance stated that Joseph J. Miller, at the time respondent became his attorney and during all the time that relation existed, was of unsound mind and incapable of transacting business and that the respondent knew of his want of mental capacity; that the respondent actively assisted the said Joseph J. Miller in converting his property into money, conspired with other unknown persons to get possession of the property and money of the said Joseph J. Miller, and actually did reduce to their possession all, or nearly all, of the property of the said Joseph J. Miller; that the said Miller, soon after the respondent became his attorney, sold for $4300 cash certain real estate which was worth four times that amount and that the respondent received $1500 of the purchase money; that on April 8, 1903, $4000 in cash was paid to the said Miller in the presence of respondent, which represented an alleged loan by respondent's wife to said Miller, secured by a trust deed upon certain real estate of said Miller; that on April 28, 1903, said Miller was adjudged insane, and the American Trust and Savings Bank was appointed his conservator but was unable to find any property belonging to him except that included in the trust deed to the respondent's wife and a store building on Cottage Grove avenue, in Chicago,—the amounts received from the sale and loan above mentioned, as well as all papers belonging to said Miller, having disappeared. The respondent answered the information, admitting that he had been Miller's

attorney in certain matters but denying Miller's insanity; denying knowledge of any want of mental capacity in said Miller and denying any improper conduct on his part; admitting the making of the $4000 loan and claiming that it was made in absolute good faith. The American Trust and Savings Bank, after its appointment as conservator, filed a bill in the circuit court for the purpose of canceling the $4000 note and trust deed against respondent's wife and respondent, who was named as trustee in the deed. A decree was rendered in accordance with the prayer of the bill, which was affirmed in *Amos v. American Trust and Savings Bank,* 221 Ill. 100. On February 17, 1909, an amended information was filed setting forth the proceedings and decree in that cause and the affirmance thereof by the Appellate Court and the Supreme Court, and relying upon that record as cause for the disbarment of the respondent. We sustained a demurrer to the amended information and ordered that the cause proceed on the original information and respondent's answer thereto. The case was referred to a commissioner to take the proofs and to report his conclusions of law and fact. The evidence has been taken, and the cause is now before us for final disposition upon the exceptions of the respondent to the report of the commissioner.

The evidence taken by the commissioner consists of the transcript of the record which was filed in this court in the case of *Amos v. American Trust and Savings Bank, supra,* and of the testimony of the respondent orally given before the commissioner. By sustaining the demurrer to the amended information we held that the decree in that case was not a cause for the disbarment of the respondent and necessarily held that he was not bound in this proceeding by that record. It rests with the court to determine who are qualified to become its officers as attorneys and for what cause they should be removed. (*In re Day,* 181 Ill. 73.) This power, however, is not arbitrary or despotic,

to be exercised according to the pleasure of the court, but is judicial. (*In re Day, supra; Ex parte Secombe,* 19 How. 9.) It should be exercised with sound and just discretion, according to the same rules of law which govern in the determination of other civil rights which are brought before the court for disposal. Accordingly, rule 40 of this court requires an information for disbarment to make clear and specific charges, giving time, place and acts of misconduct with reasonable certainty, and provides for notice to the attorney charged with misconduct and a hearing upon proofs by either side. The hearing, being judicial, must be governed by the same rules which govern other trials of questions of fact and the evidence on either side must be such as is legally competent to maintain the issue. It is not consonant with law or justice that the respondent's right to practice law should be determined upon evidence which would not be competent against him if he were sued for a debt. "An attorney, by his admission as such, acquires rights of which he cannot be deprived at the discretion of a court any more than a physician of the practice of his profession, a mechanic of the exercise of his trade or a merchant of the pursuit of his commercial avocation." (*People* v. *Turner,* 1 Cal. 143; *Fletcher* v. *Daingerfield,* 20 id. 427.) On an application for the disbarment of an attorney he is entitled to a trial before the court upon evidence taken according to the rules of the common law. (*In re Eldridge,* 82 N. Y. 161; *In the matter of an Attorney,* 83 id. 164; *In the matter of an Attorney,* 86 id. 563.) "On that trial," it is said in *Eldridge's case, supra,* "the accused is not to be buried under affidavits or swamped with hearsay, but is entitled to confront the witnesses, to subject them to cross-examination and to invoke the protection of wise and settled rules of evidence. In adopting this conclusion we only secure to the members of the bar the common rights and ordinary privileges of the citizen."

It is essential to the administration of justice according to law that the recognized rules of evidence should be observed in this class of cases as well as in all others. The issue is of the most serious importance to the respondent. Unless he should be entitled to the protection of the established rules of law in the admission of the evidence by which he is to be condemned or discharged, the trial would cease to be judicial and would become merely an inquiry for the purpose of determining the personal action of the judges. If rules of evidence should be observed or not, according to the will of the court, then the action of the court would be arbitrary and not judicial.

The only evidence of any of the material averments of the information is contained in the transcript of the record of the suit instituted by the American Trust and Savings Bank against the respondent and his wife. The decree in that case is conclusive between the parties to it. The doctrine of *res judicata* is, that a point once adjudicated by a court of competent jurisdiction may be relied upon as conclusive upon the same matter, as between the parties or their privies, in any subsequent suit, in the same or any other court, at law or in chancery. But the doctrine has no application against or in favor of anyone not a party or privy. No one not a party to the judgment can claim the benefit of it. (*First Nat. Bank* v. *Peoria Watch Co.* 191 Ill. 128; *Litchfield* v. *Crane,* 123 U. S. 549; *Brookly City and Newton Railroad Co.* v. *Nat. Bank,* 102 U. S. 14; 1 Greenleaf on Evidence, sec. 523.) The American Trust and Savings Bank represented only its own interest and that of John J. Miller in the litigation. That litigation was a private lawsuit, and private interests, only, were represented. No other interest is now entitled to the benefit of the decree and no other interest is bound by it. Such a record, and the information thereby furnished, may be used as a basis for the entering of a rule to show cause, but upon the return to the rule the cause must be heard

upon evidence which is competent against the respondent under the law. The findings of the commissioner, being based entirely on this record, are not sustained by evidence legally competent to establish the truth of the charges against the respondent.

The exceptions to the report will therefore be sustained and the rule on the respondent to show cause why he should not be disbarred will be discharged.

*Rule discharged.*