## In re WILLIAMS et al.

No. 9074—Opinion Filed Oct. 2, 1917.

(167 Pac. 1149.)

(Syllabus by the Court.)

1. **Attorney and Client—Disbarment—Conviction of Misdemeanor Involving Moral Turpitude.**

Under the first subdivision of section 252, Rev. Laws Okla. 1910, the conviction of an attorney at law of a misdemeanor involving moral turpitude under the statutes of Oklahoma is sufficient cause for the revocation of said attorney's license to practice law in this state.

2. **Same—"Moral Turpitude."**

"Moral turpitude" is anything done contrary to justice, honesty, modesty, or good morals.

3. **Same—Evidence—Judgment.**

The report of the referee and the evidence adduced examined, and found to fully support the finding of the referee that the respondents have been convicted of a misdemeanor involving moral turpitude. Under the facts so found the respondents, Linus A. Williams and W. A. Corley, should be, and are hereby, disbarred, and their licenses to practice law in the state of Oklahoma are revoked.

Original proceedings by the Bar Commission of the State of Oklahoma, for the disbarment of Linus A. Williams and W. A. Corley. Respondents disbarred.

E. F. Lester, for relator.

A. A. O'Malley and L. C. McNabb, for respondents.

RAINEY, J. In pursuance of the recommendations of the State Bar Commission, this court, on the 28th day of February, 1917, directed Hon. E. F. Lester, of Wilburton,

Okla., a member of the Bar Commission of this state, to prefer charges for disbarment against the respondents, Linus A. Williams and W. A. Corley, and to notify said respondents of the filing of said charges, in the manner provided by law. The charges were filed on April 24, 1917, and the Hon. T. M. McCombs was by this court appointed referee to examine into the charges, and to report his findings of fact and conclusions of law. In the petition for disbarment the following allegations are made:

"That thereupon said E. F. Lester states and alleges: That heretofore, to wit: W. A. Corley was duly admitted to the practice of the law in the state of Oklahoma, by the Supreme Court thereof on the 20th day of February, A. D. 1908; and that said admission and license thereof is now in due force, and that said W. A. Corley is a regularly enrolled attorney at law, and as such is now offering to practice, and is actually engaged in the practice of, law in the state of Oklahoma; and that Linus A. Williams was duly admitted to the practice of the law in the state of Oklahoma by the Supreme Court thereof on the 20th day of May, 1908; and that said license of admission is now in force, and that said Linus A. Williams is a regularly enrolled attorney at law, and as such is now offering to engage in the practice of law, and is engaging in the practice of law in the state of Oklahoma; and that each of the said defendants reside and are now to be found at Dewar, Okmulgee county, Okla.

"Said E. F. Lester further complaining of the said Linus A. Williams and W. A. Corley that heretofore, to wit, on or about the 4th day of April, A. D. 1913, said W. A. Corley and Linus A. Williams were by the grand jury of Adair county, Okla., indicted on charge of conspiracy, that said indictment was duly filed in the district court of said Adair county, Okla., on the said 4th day of April, 1913, and filed by the clerk of said county, that a copy of the said indictment is made a part of this petition, marked 'Exhibit A' and filed herein, and that said cause was transferred to the county court of Adair county, Okla.; that a trial was had in said county court of Adair county, Okla., on said charge, to which the said defendants Linus A. Williams and W. A. Corley entered a plea of not guilty; that thereupon a jury was impaneled, and on the 18th day of July, 1913, the jury returned into court its verdict of guilty, and assessing a fine of $50 each; that a true and exact and correct copy of said verdict is herewith filed, made a part of this petition, and marked 'Exhibit B'; that thereafter the judgment of the court was duly entered on the journals of said court; that a copy of said judgment is herewith filed, marked 'Exhibit C,' and made a part of this petition, and this said judgment is still in effect."

To the charges respondents filed an answer, in which they admitted that they had been indicted for criminal conspiracy, and that they had been duly tried and convicted of a misdemeanor, and sentenced to pay a fine of $50 each; but they denied that any crime or offense was committed, and alleged that if any such crime or offense was committed, it was not of such gravity as to involve the element of moral turpitude sufficient to warrant the disbarment of an attorney under the laws of the state of Oklahoma. In said answer it was further alleged that the conviction of said respondents was procured unfairly, irregularly, illegally, and contrary to law, and that the court, in the trial of said cause, committed errors highly prejudicial to the substantial rights of the respondents, and that by reason thereof the respondents did not have a fair and impartial trial such as is guaranteed by the Constitution and laws of the land. The answer stated at some length the circumstances under which the defendants claimed the indictment against them and their conviction of the offense were procured. The matter came on for hearing before the referee at Henryetta, Okla., on June 12, 1917, at which hearing the respondents were represented by their respective attorneys, and the respondent W. A. Corley appeared in person, but the respondent Linus A. Williams did not appear. At the hearing a demurrer was interposed to the answer of the defendants, and in sustaining the same the referee said:

"The respondents, Corley and Williams, admit this conviction in their answer, but they deny as a matter of fact that any crime was committed. They also deny that the offense of criminal conspiracy involves a question of moral turpitude. I think that is a pure question of law. I don't think there is any question but that a conviction for the offense of criminal conspiracy does involve moral turpitude. I don't believe that at this time it would be my duty—I don't believe I would have the right to go into the regularity of those proceedings by which this conviction was had. I don't believe that any referee or any court would have the right to inquire into the verdict of that jury and the judgment of the court, after that judgment has become final. * * * The statute provides that the record of this conviction shall be conclusive evidence. * * * For that reason I don't believe the answer, as far as that proposition is concerned, states a defense."

Exceptions were taken to the ruling of the referee in sustaining the demurrer to the answer. Later these exceptions were withdrawn as to the respondent Corley, and the referee permitted evidence to be offered upon the request of the attorney for the respondent Corley, for the purpose of showing that the said W. A. Corley had a good reputation at Dewar, Okla., where he had resided for

the last two years. This testimony was introduced over the objection of the relator. At the conclusion of the hearing the referee took the matter under advisement, and on July 13, 1917, filed in this court his report, which is as follows:

"Findings of Fact by Referee.

"The referee appointed in this case finds that W. A. Corley was duly admitted to the practice of law in the state of Oklahoma, by the Supreme Court thereof on the 20th day of February, A. D. 1908, and finds further that Linus A. Williams was duly admitted to the practice of law in the state of Oklahoma, by the Supreme Court on the 20th day of May, A. D. 1908. That the referee further finds that both of said licenses of admission and to practice are in full force and effect, and that said W. A. Corley and Linus A. Williams are now actually engaged in the practice of law in the state of Oklahoma.

"The referee further finds that on the 4th day of April, A. D. 1913, the said W. A. Corley and Linus A. Williams were by the grand jury of Adair county, Okla., indicted on a charge of criminal conspiracy, and that thereafter a trial was had in the county court of Adair county, on said charge, and that the respondents herein, W. A. Corley and Linus A. Williams, were found guilty of criminal conspiracy, and that a fine of $50 each was assessed against them.

"The referee further finds that the said convictions and judgments of said court were duly entered on the journal of the court, and are valid and subsisting judgments against them.

"The referee further finds that the said judgments and convictions are a misdemeanor under the state of Oklahoma, and that the said charges for which said respondents were convicted involve the question of moral turpitude.

"The referee further finds that the defendant W. A. Corley bears the respect and the confidence of the bar of Dewar, Okla., the place where he has made his home for the past two years, and your referee further finds, under the proof and from his investigations herein, that the said W. A. Corley has the good will of the majority of the citizenship of Adair county, Okla.

"Conclusions of Law.

"The referee finds as a conclusion herein that the charge of criminal conspiracy as aforesaid is a misdemeanor under the laws of the state of Oklahoma, involving moral turpitude, that said respondents were duly and legally convicted of said charge, and said conviction falls within section 252 of the Revised Laws of Oklahoma of 1910, and that by reason thereof said respondents, W. A. Corley and Linus A. Williams, should be disbarred or suspended, as the court may deem fit and proper, from the practice of law in this state.

"Respectfully submitted,

"T. M. McCombs, Referee."

To this report of the referee no exceptions have been filed by either of the respondents. Notwithstanding this fact, we have read and carefully considered all the evidence in the record, and are of the opinion that the finding by the referee that the respondents were indicted and found guilty of the offense of criminal conspiracy is conclusively shown by the record. This then leaves only one question for consideration: Is the offense of which the respondents were convicted a misdemeanor involving moral turpitude? The charging part of the indictment on which the respondents were convicted is as follows:

"That in said Adair county, on or about the —— day of October, 1911, and prior to the finding of this indictment, the defendants, W. A. Corley, F. A. Blanck, Linus A. Williams, and R. R. McCloud, did commit the crime of conspiracy in the manner and form as follows, to wit: That on the —— day of ——, 1910, the defendants W. A. Corley and Linus A. Williams were law partners practicing law at Stilwell, Adair county, Okla., and had and controlled an extensive probate practice in the county court of Adair county, Okla., and on said date and prior thereto and afterwards boarded and lodged at the residence of defendant F. A. Blanck, with whom on said dates they were on very close and intimate relations. That in the fall of 1910, the defendant W. A. Corley was elected to the office of county judge of Adair county, Okla., and the defendants R. R. McCloud, Linus A. Williams, and F. A. Blanck manifested great interest in the election of the defendant W. A. Corley, and that after the election of the said W. A. Corley, he and the defendants R. R. McCloud, Linus A. Williams, and F. A. Blanck willfully, intentionally, unlawfully, and corruptly entered into an agreement, understanding, and conspiracy, the purpose and object of which was to unlawfully and corruptly control and manage the probate practice or a greater part thereof, to be transacted in the probate court of said Adair county, of which the defendant W. A. Corley was the then duly qualified and acting judge, and in furtherance of said conspiracy and to carry out the said agreement and understanding as aforesaid, the defendant F. A. Blanck was appointed guardian of a great number of the estates probated and to be probated in said county by the defendant W. A. Corley, in which there were large sums of money involved and particularly the estates of full-blood Indians, and among them the following:

| | | | | No. | |
|---|---|---|---|---|---|
| F. A. Blanck, | Gdn. | Charlotte Adams et al. | | No. | 239 |
| F. A. Blanck, | Gdn. | John Adams | | " | 240 |
| F. A. Blanck, | Gdn. | Charlotte Adams et al. | | " | 626 |
| F. A. Blanck, | Gdn. | Sam Cochran | | " | 130 |
| F. A. Blanck, | Gdn. | Elk Chicken | | " | 1015 |
| F. A. Blanck, | Gdn. | Emma Glass et al. | | " | 956 |
| F. A. Blanck, | Gdn. | Thomas Killah-nige | | " | 952 |
| F. A. Blanck, | Gdn. | Sa-ta-ka Mink | | " | 953 |
| F. A. Blanck, | Gdn. | Lizzie Battler | | " | 935 |
| F. A. Blanck, | Gdn. | Lizzie Sawney | | " | 658 |
| F. A. Blanck, | Gdn. | Wm. Spaniard | | " | 37 |
| F. A. Blanck, | Gdn. | Charlie Sanders | | " | 909 |

F. A. Blanck, Gdn. Tobe Still _____ " 936
F. A. Blanck, Gdn. Chaddock Taylor _____ " 1130
F. A. Blanck, Gdn. John Ross Vann _____ " 1057
F. A. Blanck, Gdn. Lucy Youngwolf _____ " 867
F. A. Blanck, Gdn. Huckleberry Shell et al. " 941

"And that the defendant Linus A. Williams was acting as attorney in said probate matters by appointment of the defendant F. A. Blanck, guardian as aforesaid.

"The appointment by the defendant W. A. Corley of the defendant F. A. Blanck as the guardian in the cases as aforesaid and the appointments of the defendant Linus A. Williams to act as an attorney in the aforesaid cases by the defendant F. A. Blanck was done in furtherance of the said agreement, understanding, and conspiracy as aforesaid, for the purpose of affording the defendants W. A. Corley, F. A. Blanck, and Linus A. Williams the opportunity to prey upon, dissipate, and appropriate the funds of said estates to their use and benefit.

"And as a part of their system and in pursuance of their common understanding, the defendants W. A. Corley, F. A. Blanck, Linus A. Williams, acting together and in conjunction with defendant R. R. McCloud, on or about the —— day of October, 1911, carrying out their understanding as aforesaid, and in order to get under their control and in their possession a large sum of money belonging to the estate of Sallie Mink, deceased, caused the administrator of the estate, T. E. Wyly, of the said Sallie Mink, to be removed and the said R. R. McCloud to be appointed in his stead, to the end and for the purpose of getting possession and control of said estate, for the purpose of appropriating the same to the use and benefit of the defendants, and in pursuance of said conspiracy the defendants did, on or about the 5th day of June, 1912, get possession of the money belonging to said estate, and on or about the said date did dissipate and appropriate said money as follows, to wit:

To the said R. R. McCloud_____ $ 882 00
To the defendant Linus A. Williams_____ $ 720 00
To the defendant F. A. Blanck_____ $2,754 00

"So the grand jurors aforesaid, upon their oaths aforesaid, do find and present as aforesaid that the defendants W. A. Corley, R. R. McCloud, Linus A. Williams, and F. A. Blanck did commit the crime of conspiracy in the manner and form as aforesaid, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state."

Bouvier, in his Law Dictionary, defines turpitude as follows:

"Everything done contrary to justice, honesty, modesty, or good morals is said to be done with turpitude."

Moral turpitude is an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man. In re Henry, 15 Idaho, 755, 99 Pac. 1054, 21 L. R. A. (N. S.) 207.

It has been said that the word "moral" does not seem to add anything to the meaning of the term, other than that emphasis which often results from tautological expression.

The criminal conspiracy of which the defendants were convicted certainly involves moral turpitude. The acts of the respondents in conspiring together to prey upon, dissipate, and appropriate the funds of estates of minors and of incompetent full-blood Indians shock the conscience. It is repellant to every sense of right and justice. The offense is all the more reprehensible when we consider the position of the respondents and that their acts are calculated to bring an honorable profession into disrepute. The true lawyer has ever been the champion of the weak and the oppressed, and we have no sympathy whatever for those whose conduct often creates an unjust prejudice against worthy members of the profession.

Let an order be entered disbarring the said Linus A. Williams and W. A. Corley, and revoking the licenses to practice law heretofore issued to them.

All the Justices concur.