(No. 29271.—

IN RE GEORGE FERDINAND PONTARELLI, Attorney,
Respondent.

*Opinion filed March 20, 1946*

CHARLES LEVITON, of Chicago, *amicus curiae.*

JOHN J. MOSER, and GEORGE A. BOSOMBURG, both of
Chicago, for respondent.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of
the court:

On May 12, 1943, an indictment was returned in the
United States District Court for the Eastern Division of

the Northern District of Illinois against George Ferdinand Pontarelli, charging him with violating the provisions of the Selective Training and Service Act of 1940, and the rules and regulations thereunder, in that he did unlawfully, knowingly, wilfully and feloniously fail and neglect to report for induction in violation of section 311 of title 50, United States Code Annotated.

On June 22, 1943, having waived a jury trial, he was tried before the court and found guilty. His sentence was for three years and he was committed to the Attorney General. From this judgment no appeal was taken. The record of respondent's conviction in the Federal court is the basis of the present disbarment proceeding.

The record reveals that on October 16, 1940, the respondent registered under the Selective Service Act. He claimed to be a conscientious objector, which claim was rejected by both the local and appeal boards with the result that he was ordered to report for induction on February 23, 1943. Failing to do so he was indicted and found guilty as above stated.

The Committee on Inquiry of the Chicago Bar Association, after his conviction, filed a complaint charging him with being guilty of misconduct involving moral turpitude, of conduct which tends to bring the legal profession into disrepute and of conduct unbecoming a member of the legal profession. The committee referred said charges to the Committee on Grievances, sitting as commissioners of this court, for the purpose of making such further investigation and report as such commissioners might deem necessary and proper.

On February 7, 1944, respondent was personally served with a notice of the filing of the complaint, and that the matter would be set for a hearing. With the notice a copy of the rules was served, which provided, among other things, that if the respondent wished counsel to be appointed for him by the president of the Chicago Bar Asso-

ciation he might make application therefor. No such application was made by respondent and he was represented by counsel of his own selection.

On the hearings, the only evidence introduced was complainant's exhibit 1, containing a copy of the complaint and the certified copy of the indictment and judgment, which was received in evidence without objection. It was stipulated that respondent was licensed to practice on January 12, 1942, and that no other complaint had ever been filed against him. This was all the evidence offered on either side and counsel proceeded to argue the case on the evidence as contained in the record.

The commissioners rejected respondent's contention that the indictment and judgment against him did not involve moral turpitude and found they were precluded from investigating the merits of the criminal conviction by the decision of this court in the case of *In re Needham*, 364 Ill. 65; and, after considering the argument of counsel for the respondent to the effect that the crime of which he was convicted is one which did not involve moral turpitude, rejected such contention.

The commissioners further found that the conduct of the respondent, such as was involved in the indictment and judgment, was conclusive proof of moral turpitude which tended to bring the profession of law and the courts of justice into disrepute and contempt. The commissioners recommended that the respondent be disbarred and his name stricken from the roll of attorneys.

Counsel for respondent assigns as errors: (1) The findings of the commissioners of the Supreme Court are not supported by the pleadings; (2) said findings are not supported by the evidence; (3) said findings are contrary to the manifest weight of the evidence; (4) the approved recommendations are contrary to the manifest weight of the evidence; (5) the approved recommendations are contrary to law.

In the argument, in support of the assigned errors, counsel advance the theory and make their principal argument on the proposition that respondent's conviction did not involve moral turpitude; that before a recommendation of disbarment can stand, there must be not only a charge of moral turpitude but also a proof of the charge made. They further urge the charge in the complaint of moral turpitude is based on no other facts except the exhibits attached to it, that is, the indictment and the order of the court. In this respect counsel for respondent are correct. However, their insistence that we go behind the record to determine whether he is or is not a conscientious objector is an approach not justified by the record. As we view the record, the respondent was found guilty of failure to report for induction, which is a strict violation of the Federal Code. Respondent took no steps to test the validity of his induction by first reporting and thereafter appealing his case. Only the record of his conviction in the Federal court is involved and we are not permitted, under the holdings of this court, to go behind the record in pursuance of any determination as to whether he was or was not a conscientious objector, or any possible beliefs he might hold in justification of his conduct. A judgment of conviction or acquittal upon the merits will ordinarily be treated by this court as conclusive of the guilt or innocence of an attorney at law upon a subsequent trial upon information for disbarment for the same offense, provided it is a crime involving moral turpitude.

In the case of *In re Needham,* 364 Ill. 65, it was contended that the judgment of the Federal court was not binding and the respondent should have been permitted to show his innocence of the crime charged in the indictment in that court. The respondent was not permitted to offer such proof and the court there said: "In many States statutes provide for the disbarment of attorneys upon conviction of crimes involving moral turpitude. (*In re Kauf-*

*mann,* 245 N. Y. 423; 3 Comp. Laws of Mich. 1929, sec. 13585, p. 4869; Throckmorton's Ann. Code of Ohio 1934, sec. 1707, p. 948; Code of Iowa 1935, sec. 10930, p. 1567; *In re Collins,* 188 Cal. 701; *State* v. *Prendergast,* 84 Ore. 307; *In re Hopkins,* 54 Wash. 569; *In re Kirby,* 10 S. Dak. 322; *In re Kerl,* 32 Ida. 737; *In re Williams,* 64 Okla. 316; *In re Sutton,* 50 Mont. 88.) In Illinois, even without a statute on the subject, a judgment of conviction of an attorney of a crime involving moral turpitude is conclusive evidence of his guilt and is ground for disbarment. *People* v. *Meyerovitz,* 278 Ill. 356; *People* v. *Gilmore,* 214 Ill. 569; *People* v. *John,* 212 Ill. 615; *People* v. *George,* 186 Ill. 122."

Neither the indictment nor the order of court here makes any determination as to whether or not the respondent was a conscientious objector. That question was decided by the draft board. All the Federal court decided was that respondent had violated the order when he failed to report for induction. The moral turpitude grows out of his indictment and conviction. From this judgment no appeal was taken, neither, so far as the record discloses, did he take an appeal from any ruling of the draft board.

At this point we are bound by the record and are not permitted to go behind the record of conviction which is conclusive of his guilt. The question then is whether or not his conviction involved moral turpitude. This court said in *In re Needham,* 364 Ill. 65: "Anything done knowingly contrary to justice, honesty or good morals involves moral turpitude. (Bouvier's Law Dict.; 5 Words and Phrases, p. 4581; 6 Corpus Juris, sec. 43, note (*a*), p. 585; *Marsh* v. *State Bar of California,* 210 Cal. 303; *In re Williams, supra.*) Attempting to obtain the money or property of others by fraud or false pretenses, whether through the use of the mails or otherwise, involves moral turpitude. It is not necessary that the statute enumerate and define the causes for which an attorney's name may be

stricken from the roll of attorneys. His conduct need not necessarily amount to a crime to constitute sufficient grounds for disbarment. It rests with the court to determine who are qualified to become its officers as attorneys and for what causes they shall be removed though the statute pronounces certain acts of attorneys grounds for disbarment. If an attorney has been guilty of malconduct in his office his name may be stricken from the roll of attorneys. Ill. State Bar Stat. 1935, chap. 13, sec. 6, p. 147; Smith's Stat. 1935, sec. 6, p. 189; *People* v. *Gorman,* 346 Ill. 432; *People* v. *Moutray,* 166 Ill. 630; *People* v. *Amos, supra.* [246 Ill. 299.]"

It was held in the case of *In re Kerl,* 32 Ida. 737, 188 Pac. 40, "If a citizen of the United States of America, at a time when our country is at war, knowingly and wilfully makes false statements with intent to interfere with the success of its military and naval forces and with intent to promote the success of its enemies, or wilfully attempts to cause disloyalty, insubordination, mutiny, and refusal of duty in its military and naval forces, or wilfully obstructs, or attempts to obstruct, its recruiting and enlistment service, his conduct involves moral turpitude."

We hardly see how respondent's refusal to report for induction could be considered other than an obstruction of the recruiting and enlistment service under the Selective Training and Service Act. That his acts were wilful is shown by his indictment and conviction, and such conduct involves moral turpitude. Certainly, his own self-serving statement that he is a conscientious objector does not justify his refusing to report for induction when ordered by the draft board to do so after it has found he was not a conscientious objector. His reliance upon his own self-assurance is not consistent with the conduct expected of one who is trained as an attorney and counselor at law and, at least, presumed to know the law. An attorney who has taken an oath to support the constitution of the United

States and the constitution of the State of Illinois should have some reverence for their precepts and not attempt to delegate to himself the right to make the decision as to whether the law applied to his particular case. This conception is not in harmony with our judicial processes, our American institutions, or the high standards of the legal profession.

Counsel for respondent contend the record does not show any judgment of conviction. With this we cannot agree. The respondent was found guilty of violating section 311 of title 50 of the United States Code Annotated, which carries with it a penalty of imprisonment for not more than five years. Section 696 of title 18 (Criminal Code) is as follows: "All persons convicted of crime by any courts of the United States, including consular courts, whose punishment is imprisonment in a district or Territory or country where, at the time of conviction or at any time during the term of imprisonment, there may be no penitentiary or jail suitable for the confinement of convicts, or available therefor, shall be confined during the term for which they have been or may be sentenced, or during the residue of said term, in some suitable jail or penitentiary in a convenient State or Territory to be designated by the Attorney General."

The respondent was found guilty as charged in the indictment and the judgment of the court was that he was committed to the Attorney General for a period of three years. It is true the judgment is not set out as fully as it should be. It is clear, however, his sentence was for three years and his commitment to the Attorney General was for the purpose of his discretion in designating the place of confinement as provided in the act.

As this record stands, sufficient cause is shown for the respondent's disbarment. The recommendation of the commission is adopted and the respondent is disbarred.

*Respondent disbarred.*