BANCROFT v. BOARD OF GOVERNORS OF THE REGISTERED DENTISTS OF OKLAHOMA.

No. 34245. Oct. 11, 1949.

*210 P. 2d 666.*

Willis R. Stark, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., and Wheeler & Wheeler, of Tulsa, for defendant in error.

HALLEY, J. Dr. Levy Harry Bancroft was duly licensed to practice dentistry in the Territory of Oklahoma in 1906, and when the state was admitted to the Union, was licensed to practice in the State of Oklahoma. He continued to practice dentistry in this state until 1943, when he went to California. He still had his license to practice dentistry in Oklahoma on the 27th day of June, 1949, when a complaint was filed against him by W. H. Cooper, D.D.S., before the Board of Governors of the Registered Dentists of Oklahoma. The complaint asked the board to take disciplinary action against Dr. Bancroft for the reason that he had been found guilty of a crime involving moral turpitude, and which was a felony under the statutes of the State of California. The record showed that he was sentenced to the state prison of California at San Quentin, where he served two months, and twenty-two months at the California Institution for Men at Chino, California.

Due and proper notice was given Dr. Bancroft of the hearing before said Board of Governors, and at his request the hearing was advanced from the 16th day of July, 1949, to the 30th day of June, 1949; and on said 30th day of June, 1949, a hearing was had before said Board of Governors. The respondent was asked if he had an attorney, and he said "No"; and he was asked if he desired to have an attorney, and he said that he did not think it was necessary, and that he did not have funds with which to hire an attorney. A certified copy of the records of the superior court of Tulare county, California, was offered in evidence, which showed that the respondent had been convicted of the crime of issuing a check without sufficient funds to pay the same. The respondent did not deny having issued the check, and admitted that he was incarcerated in San Quentin Penitentiary and in the California Institution for Men. He was paroled on the 10th day of June, 1949, and given transportation back to Oklahoma.

59 O. S. 1941 §278 provides in part as follows:

"The Board shall have power to revoke the license of a member hereof or suspend a member from practice or reprove said member upon the following grounds: (a) Upon presentation to the Board of a certified copy of a court record showing that a member hereof has been convicted of a crime involving moral turpitude; . . . ."

The Board was proceeding under this section of the statute.

The respondent seeks to reverse the action of the Board in revoking his license, and while he makes several assignments of error for the purpose of this appeal, there are only two real questions presented. The first is whether the respondent, Bancroft, was denied due process of law when he was not furnished counsel in the hearing before the Board; the second, whether or not the offense of issuing a check without sufficient funds, with the intent to defraud, is a crime involving moral turpitude.

As to respondent's first proposition, it seems he was given all consideration he was entitled to. At the beginning of the hearing on June 30, 1949, the following colloquy took place:

"Mr. Wheeler: Gentlemen, the nature of this proceeding is a hearing upon a complaint filed against Dr. L. H. Bancroft. Dr. Bancroft is present in person. Do you have any attorney representing you? Dr. Bancroft: No, sir. Mr. Wheeler: Do you desire any? Dr. Bancroft: I don't think it is necessary and I don't have the funds to do it with. Mr. Wheeler: This meeting was originally called for the 16th day of July, 1949, and I understand that it has been advanced to this day at your request. Dr. Bancroft: That is right."

This hearing before the Dental Board was not a criminal prosecution, and we know of no duty resting on the Board to furnish respondent counsel, and none has been pointed out. In this sort of hearing, the respondent is entitled to have counsel of his own choosing, but he must bear the burden himself, and he is not denied due process of law when counsel is not furnished him, even though he does not have funds with which to hire an attorney.

Some criticism is made of the rapidity of the proceedings, but it must be noted that the hearing was moved up sixteen days on the respondent's request.

Now, as to the respondent's second proposition, we must determine whether or not the crime of issuing a check without sufficient funds, with intent to defraud, is one involving moral turpitude. This court, in the case of In re Williams et al., 64 Okla. 316, 167 P. 1149, held that moral turpitude is "anything done contrary to justice, honesty, modesty, or good morals." That particular case was one involving criminal conspiracy. This statement is found in 58 C.J.S. p. 1206:

"Embezzlement, forgery, robbery, and swindling are crimes which denote moral turpitude, and, as a general rule, all crimes of which fraud is an element are looked upon as involving moral tur-

pitude. Thus, concealing assets in bankruptcy, obtaining goods on false representations, and other crimes involving fraud are usually regarded as showing moral turpitude."

In the case of United States ex rel. Berlandi v. Reimer, D. C. N. Y., 30 F. Supp. 767, 768, it was stated that issuing checks with intent to defraud was an offense involving moral turpitude. Obviously, the respondent obtained money by fraud and was guilty of an offense involving moral turpitude, and the same was a felony in the state where it was committed, and would be at least a misdemeanor involving moral turpitude if committed in this state, as was the offense passed upon in In re Williams, supra.

Respondent urges that the action of the Board denies him the right to practice dentistry for the period of his life. We do not so construe the Act. Section 278 provides for reinstatement, and, while the question of reinstatement is not before us here, it is our opinion that upon a proper showing being made, the Board has authority to reinstate.

The action of the Board of Governors of the Registered Dentists of Oklahoma in revoking the license of Dr. Levy Harry Bancroft is hereby affirmed.

DAVISON, C.J., ARNOLD, V. C. J., and WELCH, GIBSON, LUTTRELL, and JOHNSON, JJ., concur.