(No. 38353—

*In re* WILLIAM C. JEROME, Attorney, *Respondent.*

*Opinion filed September 29, 1964.*

RICHARD B. ALLEN, of Chicago, *amicus curiae*.

ELMER GERTZ and O'BRIEN & BOYLE, both of Chicago, (DONALD V. O'BRIEN, of counsel,) for respondent.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The Board of Governors of the Illinois State Bar Association, as commissioners of this court under Rule 59, after modifying certain findings of the Hearing Division of the Grievance Committee, found that respondent, William C. Jerome, deserved censure under count III and disbarment under count IV, and recommends disbarment on the theory that the two acts of unprofessional conduct warrant that discipline.

Count III arose out of a divorce action in behalf of Mrs. Rose Menard. Respondent was retained by Mrs. Menard on July 13, 1958. He was paid $750 on that date. By the time a divorce was granted to Mrs. Menard in November, 1958, he had been paid an additional $4000 as fees. Thereafter she filed a civil action against respondent for a return of the alleged excessive portion of the fees paid. The civil cause was tried in the circuit court of Du Page County during the pendency of the disciplinary proceeding and resulted in a judgment in favor of Mrs. Menard for $3250. Respondent appealed the judgment to the Appellate Court. While the appeal was pending negotiations for settlement were initiated by counsel for Mrs. Menard and she agreed to settle upon repayment to her of the sum of $2000. Respondent accepted this offer with the condition that all matters involving Mrs. Menard be settled at the same time, and that the disciplinary action had to be dismissed or terminated favorably before settlement could be consummated. Mrs. Menard agreed to the conditions imposed by respond-

ent, and the latter placed $2000 in escrow with his attorney. Thereafter, Mrs. Menard attempted to withdraw her complaint upon which count III was based. She also had her judgment vacated, executed a general release to respondent, and was a reluctant witness later in this proceeding. At the time of hearing before the Board of Governors the $2000 rebate had been delivered to Mrs. Menard.

The issue now before us on count III is not whether the fee was so excessive as to constitute overreaching, but, rather, whether a settlement, so conditioned, constitutes unprofessional conduct. Of course, respondent had the right to settle the civil suit as he saw fit. While the civil litigation and the disciplinary action arose out of the same transaction, they had entirely different purposes. The civil action was to determine whether the client was entitled to a refund, while the disciplinary action was for the purpose of ascertaining whether unprofessional conduct was involved from which the public was entitled to protection. It seems obvious that the promise to repay $2000, so conditioned, was not only to buy a settlement of the civil action, but was also to purchase a result in, or to produce an effect on, the disciplinary action. The conditioning of the agreement was, in our opinion, inherently bad, and tended to defeat the administration of justice and to bring the legal profession into disrepute. As a corollary, the condition imposed by respondent tended to obstruct an orderly conduct of the disciplinary proceeding, even though the respondent made no effort to conceal the imposition of the condition and the complaining witness did reluctantly appear and testify. The commissioners were warranted in recommending censure. The recommendation is approved and the respondent is hereby censured under count III.

The other charge is contained in count IV. It charges that respondent abused the attorney-client relationship and grossly overreached Mrs. Anna M. Trzebiatowski by acquiring from her an undivided one-half interest in certain

of her real estate through the use of a contingent fee contract which respondent did not substantially perform.

Mrs. Trzebiatowski filed a civil action against respondent to set aside a trust agreement by which he acquired the undivided one-half interest, charging wilful fraud and deceit and the cause was presented and tried on that theory. The trial court entered a decree finding that a fiduciary relationship existed between the parties and granted relief on a constructive trust theory. Upon appeal to this court, (*Trzebiatowski* v. *Jerome,* 19 Ill.2d 30,) we reversed on the ground that the trial court denied the defendant (respondent here) the opportunity to be heard upon and to defend against the theory adopted by the trial court which was contrary to the theory pleaded in the complaint. Upon remandment a change of venue was granted and the cause was assigned to and heard by another judge. We again reversed and remanded, (*Trzebiatowski* v. *Jerome,* 24 Ill.2d 24,) because the plaintiff was permitted to introduce into evidence the transcript of proceedings at the first trial, thereby depriving defendant of the full hearing contemplated by due process.

No testimony was offered in support of count IV. The only evidence presented consisted of the briefs, abstracts and opinions (including an original opinion later superseded by an opinion on rehearing) in the two civil appeals to this court; and the volunteered testimony of Mrs. Trzebiatowski's civil counsel concerning her health and ability to appear as a witness.

It is strenuously contended by counsel for respondent that the disciplinary issues cannot be resolved solely upon the civil appeal exhibits, since resolution of the issues in that manner would foreclose respondent's basic right of cross-examination. In support of this contention respondent cites *People ex rel. Chicago Bar Association* v. *Amos,* 246 Ill. 299. There the respondent had been found guilty in a civil proceeding of misusing and misappropriating a client's

estate, and the decree was affirmed by the Appellate Court and this court. The only evidence in the disciplinary proceeding was the transcript of the record filed in this court in the civil case. It was held that the findings of the commissioner were not sustained by legally competent evidence to establish the truth of the disciplinary charges, and the exceptions to the report and recommendation of disbarment were sustained and the rule against the respondent was discharged. "It is essential to the administration of justice according to law that the recognized rules of evidence should be observed in this class of cases as well as in all others. The issue is of the most serious importance to the respondent. Unless he should be entitled to the protection of the established rules of law in the admission of evidence by which he is to be condemned or discharged, the trial would cease to be judicial and would become merely an inquiry for the purpose of determining the personal action of the judges. If rules of evidence should be observed or not, according to the will of the court, then the action of the court would be arbitrary and not judicial." 246 Ill. 299, 303.

Counsel for the commissioners has no quarrel with the *Amos* case, but he says that it is not applicable because of respondent's presentation of the briefs, abstracts and opinions and his consent to their use.

The parties are in complete disagreement as to the purpose and effect of the offer to furnish these documents. Respondent filed a motion to strike certain counts and in connection with his motion to strike count IV expressed a willingness to file the abstracts and briefs in the two civil appeals and stated that he believed they "present all of the issues of fact and law that are relevant to a determination of Count IV". After the motion to strike was denied, respondent filed an answer which he prefaced with the statement "without prejudice to the several motions to strike heretofore filed" and incorporated a practically verbatim offer in the answer with the addition of our opinions in the civil appeals.

The commissioners interpret the offers and the subsequent furnishing of the briefs, abstracts and opinions as offers to treat the documents as evidence, and a waiver of the necessity of otherwise proving up the charges of count IV. Respondent, on the other hand, asserts that the offers of the documents both in the original motion and as incorporated in his answer were to be considered solely in support of his motion to dismiss.

As to the offer in the motion, it seems patent that respondent proffered the documents in support of his position that, even if taken as true, they did not sustain the charges of count IV.

We have carefully studied the colloquy among counsel and the chairman of the Hearing Division with respect to the effect of the offer repeated in the answer to ascertain whether there was a waiver of respondent's right to demand proof of the charges, and we conclude that there was an honest, but definite, misunderstanding of the purpose of the offers. For example, the late William C. Wines, one of respondent's counsel said, "even where a lawyer has been sued by his client and found guilty of malfeasance of the client's funds, that cannot be used in a disbarment proceeding, since the Committee was not a party, it therefore is not bound. The respondent is not bound by a finding." And again, after stating that a further motion to dismiss would not be filed since the chairman had indicated that the charges could not be dismissed, he said: "We would rather the Committee hear all the evidence." Also, when the chairman stated that it was his understanding that the Hearing Division was willing to accept the offer to submit the case upon the documents, another counsel for respondent said, "We don't—", but did not finish the sentence, and the conversation which followed indicated that respondent would be afforded an opportunity to cross-examine Mrs. Trzebiatowski.

These, and similar remarks covering some five pages of

the record, indicate that there was not a meeting of the minds of the parties on the question of whether the documents could be used as evidence.

If the expanding right of the individual to fairness is to be maintained, no presumption of a waiver of his fundamental right to meet his accusers should obtain against him where, as here, the purpose of the offer is shrouded in doubt. True, respondent was given the right to present any evidence he saw fit, including the right to call Mrs. Trzebiatowski for cross-examination. It developed, however, that she was aged and in ill health, and testimony from her, if any, would have to be taken at her home in Wheaton. She was not called by the Hearing Division, and apparently no request was made by respondent that she be produced for cross-examination. Since there was no valid evidence in the record, this duty did not devolve upon respondent to call her because by so doing he would have been placed in the position of possibly thereby proving the charges against himself. This he was under no duty to do. In our opinion, the documents offered were not competent evidence under the circumstances and consequently there was no valid proof to sustain the charges of count IV.

It seems a travesty of justice that this aged woman could not, in two separate trials over the years of her civil case, get a resolution of her case on its merits, and that this disciplinary action likewise should end without a decision on its merits. As much as we deplore such a situation, we must maintain the fundamental right of this respondent to the protection of established rules.

With respect to count III, respondent, William C. Jerome, is censured, and as to count IV the rule to show cause why he should not be disbarred will be discharged.

*Respondent censured on count III;*
*rule discharged as to count IV.*