OSCN Found Document:OKLAHOMA ex rel. STATE BOARD OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS v. ALVARADO

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

OKLAHOMA ex rel. STATE BOARD OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS v. ALVARADO2025 OK 69Case Number: 123201Decided: 10/07/2025THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 69, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

STATE OF OKLAHOMA ex rel. STATE BOARD OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS, Complainant,
v.
JAZMIN C. ALVARADO, Respondent.

CERTIFIED COURTROOM INTERPRETER DISCIPLINARY PROCEEDING

¶0 The State Board of Examiners of Certified Courtroom Interpreters (Board) brought a formal complaint against Respondent, a Registered Courtroom Interpreter, alleging grounds for professional discipline. Following a disciplinary hearing, the Board found a sufficient basis for discipline and ultimately recommended that Respondent's enrollment as a Registered Courtroom Interpreter be revoked.

RESPONDENT'S ENROLLMENT AS A REGISTERED COURTROOM INTERPRETER IS REVOKED

Austin J. Bower, Assistant Attorney General, Oklahoma Office of the Attorney General, Oklahoma City, Oklahoma, for Complainant.

Jazmin C. Alvarado, Tuttle, Oklahoma, Respondent.

JETT, J.:

¶1 This case involves the discipline of a courtroom interpreter who pleaded no contest to embezzling $8,100.00, which is a felony. After reviewing the State Board of Examiners of Certified Courtroom Interpreters' (Board) unanimous recommendation, we revoke Respondent Jazmin C. Alvarado's enrollment as a Registered Courtroom Interpreter.

I.

¶2 The State Board of Examiners of Certified Courtroom Interpreters credentials and regulates courtroom interpreters under the supervision of this Court. 20 O.S. §§ 1701Id. § 1702(A)(5)(a) & (d).

¶3 Following a disciplinary proceeding, the Board must "issue a written report with findings of fact and conclusions of law as applicable, and its recommendation to [this] Court for or against discipline." Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Courtroom Interpreters (RGDP-CI) Rule 6(d), 20 O.S. Ch. 23, App. III. Once the Board files its report, we exercise plenary review. "[T]he Supreme Court . . . may . . . adopt or reject such recommendations in whole or in part, remand with instructions, or make such other disposition as [this] Court may deem proper, with or without oral argument or formal written opinion." RGDP-CI Rule 7(d).

II.

¶4 Respondent has been a Registered Courtroom Interpreter since 2022. (Order, SCAD No. 2022-26 (Okla. May 23, 2022).) She is subject to the Courtroom Interpreter Disciplinary Rules. RGDP-CI Rule 1(a). Rule 2 sets out several grounds for professional discipline, including "[f]inal conviction of a criminal offense which indicates a clear and rational likelihood that the interpreter will not properly discharge the responsibilities of a certified courtroom interpreter . . . ."

¶5 On January 12, 2023, Respondent was charged by information with one count of felony embezzlement in violation of 21 O.S. § 1451nolo contendere and was found guilty as charged. (Id. at *3--14.)

¶6 In response, the Board commenced formal disciplinary proceedings pursuant to RGDP-CI Rule 5. Respondent did not respond to the Board's complaint. After giving Respondent more than 30 days' notice, the Board conducted a formal disciplinary hearing consistent with RGDP-CI Rule 6. The Board received testimony and conclusive evidence of Respondent's criminal conviction. Respondent did not appear at the hearing. The Board concluded both that there were sufficient grounds for imposing discipline and that Complainant met its burden of persuasion. Following deliberation in open session, the Board publicly cast and recorded all votes recommending that Respondent's enrollment as a Registered Courtroom Interpreter be revoked. (Finds. of Fact, Concls. of Law and Rec. of Discipline at *1--8.)

III.

¶7 Upon de novo review, we hold that Respondent's plea of no contest to felony embezzlement is a [1] "[f]inal conviction of [2] a criminal offense [3] which indicates a clear and rational likelihood that the interpreter will not properly discharge the responsibilities of a certified courtroom interpreter . . . ." RGDP-CI Rule 2(a). First, Respondent received a "final conviction" by pleading no contest pursuant to a deferred sentence plea agreement. Rule 2(a)(2) specifically provides that "final conviction includes a plea of . . . nolo contendere pursuant to a deferred sentence plea agreement . . . ." Second, embezzlement plainly qualifies as a criminal offense. Rule 2(a)(1) defines "criminal offense" to include "any felony." Embezzlement, pursuant to 21 O.S. § 1451Third, felony embezzlement is a criminal offense "which indicates a clear and rational likelihood that the interpreter will not properly discharge the responsibilities of a certified courtroom interpreter." We have long recognized embezzlement as a crime of moral turpitude. Bancroft, 1949 OK 216In re Williams, 1917 OK 459167 P. 1149

¶8 Based on the foregoing, we conclude that Complainant met its "burden of persuasion on the material elements of the complaint." RGDP-CI Rule 6(b). We likewise conclude that discipline is warranted because Respondent's final conviction for felony embezzlement demonstrates a clear and rational likelihood that Respondent will be unable to properly discharge her duties and responsibilities as a Registered Courtroom Interpreter. RGDP-CI Rule 5(c).

¶9 While this Court retains full discretion over the appropriate sanction in interpreter disciplinary proceedings, we agree with and adopt the Board's recommendation. Respondent Jazmin C. Alvarado's enrollment as a Registered Courtroom Interpreter is hereby revoked.

* * *

¶10 Respondent may seek reinstatement of her credentials in accordance with RGDP-CI Rule 9(b) no sooner than five years from the date of this decision.

RESPONDENT'S ENROLLMENT AS A REGISTERED COURTROOM INTERPRETER IS REVOKED

ALL JUSTICES CONCUR

FOOTNOTES

Bancroft v. Bd. of Governors of Registered Dentists of Okla., 1949 OK 216210 P.2d 666Id.

The Oklahoma Supreme Court
2100 N. Lincoln Blvd., Suite 1
Oklahoma City, OK 73105