(February 8, 1909.)

## In re Disbarment of A. M. HENRY.

[99 Pac. 1054.]

DISBARMENT OF ATTORNEY—CONVICTION OF CRIME INVOLVING MORAL TURPITUDE—PETIT LARCENY INVOLVES MORAL TURPITUDE—FORMER CONVICTION—CRUEL AND UNUSUAL PUNISHMENT.

1. Under the provisions of subd. 1 of sec. 4003, Rev. Stat. of 1887, an attorney and counselor at law may be disbarred for and on account of his conviction of a felony or misdemeanor involving moral turpitude.

2. "Moral turpitude," as generally defined and recognized by the authorities, "is an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow-men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."

3. Although the point at which an act begins to take on the color of turpitude is not very definitely marked and pointed out, still there can be no doubt in the mind of a man of ordinary intelligence but that he has long since passed into the confines of moral turpitude before he completes an act of larceny. The commission of the crime of larceny, whether grand or petit, clearly and undoubtedly involves moral turpitude as that term is commonly used.

4. Although a defendant has been previously convicted for a violation of a village or city ordinance, such judgment of conviction is not a bar to a subsequent conviction upon the same state of facts for the violation of a state statute.

5. The fact that a statute authorizes the disbarment of an attorney for and on account of his conviction of a felony or mis-

demeanor involving moral turpitude, does not amount to a violation of any of his constitutional rights prohibiting the infliction of cruel and unusual punishment, nor is it an additional punishment to that inflicted by the judgment of conviction.

(Syllabus by the court.)

ACCUSATION by original proceedings in this court for the disbarment of A. M. Henry, an attorney of this court. Order and judgment of disbarment.

D. C. McDougall Attorney General, and J. F. McLane, Assistant Attorney General, for the State.

A. M. Henry, *pro se,* and A. H. Brickenstein, Appointed by the Court, as Counsel for the Accused.

Counsel file no briefs.

AILSHIE, J.—This is a proceeding under the provisions of subd. 1, sec. 4002, Rev. Stat., charging A. M. Henry, an attorney of this court, with having been convicted of a misdemeanor involving "moral turpitude" and praying for his disbarment. The charge was preferred by the attorney general under the direction of this court. A certified copy of the record of conviction in the justice's court of South Nampa precinct, Canyon county, was transmitted to this court in compliance with sec. 4003, Rev. Stat. The provision of the statute under which the proceeding is had in this case is as follows:

"Sec. 4003. An attorney and counselor may be removed or suspended by the supreme court and by the district courts for either of the following causes, arising after his admission to practice:

"1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction is conclusive evidence."

The defendant appeared and objected to the sufficiency of the accusation, and also filed an answer. The objections raise the following questions:

First. That it does not appear from the accusation or the record of conviction that the conviction was had in a court of record, but that, on the contrary, it does appear that the conviction was had in a justice's court and that the record was not certified and transmitted by the clerk of any court of record as provided by sec. 4003.

Second. That it does not appear from the accusation or the record of conviction that the crime of which the defendant was convicted involved "moral turpitude" within the meaning of sec. 4002.

Third. That a judgment of disbarment, in addition to the fine imposed by the judgment of conviction, would be violative of the constitutional provisions prohibiting the infliction of cruel and unusual punishment.

In answer to the first contention, it is sufficient to say that the statute, secs. 4002 and 4003, Rev. Stat., does not require that the conviction be had in a court of record. On the contrary, it impliedly contemplates that some of the convictions embraced within its terms may be had in inferior courts. Most of the misdemeanors defined by the statute of the state are cognizable in courts of justices of the peace, which courts have original jurisdiction in such cases. The fact that sec. 4003 provides that the clerk of the court in which the conviction was had shall transmit a certified copy of the record of conviction does not render it mandatory that such conviction shall be had in a court that has a clerk as distinguished from the judge of such court. The justice's court has no such officer, but the justice acts both as judge and clerk of his court. (*Zimmerman v. Bradford-Kennedy Co.*, 14 Ida. 681, 95 Pac. 895.) There is no merit in this contention.

That the second objection has no merit, we have no doubt, The certified copy of the record and the accusation show that the defendant was convicted of the crime of petit larceny. That larceny is a crime involving "moral turpitude" there can be no serious doubt. It is a crime *per se*, and is innately wrong and violative of the rights of property and of individuals and society. To say that this crime could be committed without involving turpitude and carrying with it moral obliq-

uity would be out of the question. While it is true that the expression "moral turpitude" is not very accurately and concisely defined, and that the point at which an act begins to take on the color of turpitude is not very definitely marked and pointed out, still there can be no doubt in the mind of a man of ordinary intelligence but that he has long since passed into the confines of "moral turpitude" before he completes an act of larceny. The following general definition has been given by a great many authorities and seems to be approved by all that have considered the question: "Moral turpitude is an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow-men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." (Newell on Defamation, Slander and Libel, sec. 12; 27 Cyc. 912; Bouvier's Law Dictionary; *In re Coffey*, 123 Cal. 522, 56 Pac. 448, 43 Pac. 651; *Ex parte Mason*, 29 Or. 18, 54 Am. St. Rep. 772; *In re Kirby*, 10 S. D. 322, 73 N. W. 92, 39 L. R. A. 856.) It was specially held in *Redway v. Gray*, 31 Vt. 292; *Perdue v. Barnett*, Miner, 138, and also suggested in *Re Coffey*, 123 Cal. 522, 56 Pac. 448, that larceny distinctly involves "moral turpitude." Sec. 7045, Rev. Codes, defines larceny as "the felonious stealing, taking, carrying, leading or driving away the personal property of another." The only difference between grand larceny and petit larceny consists in the class, kind or value of property stolen. In the case at bar it is evident that the coal (which the defendant was charged with stealing) was of less than $60 in value (secs. 7048 and 7049, Rev. Codes).

Passing now to the third objection made by the defendant to the effect that a disbarment under the provisions of this statute would be a violation of the constitutional provision against the infliction of cruel and unusual punishment, we are unable to find any authority or well-founded reason for upholding that contention. The statute making a conviction grounds for disbarment does not add a cruel or unusual punishment, nor can it be said to be an additional punishment. An attorney is an officer of the court. The statute, in effect,

simply makes the conviction of a crime involving "moral turpitude" a disqualification to hold the office the same as similar statutes do with reference to public officials. It was evidently the legislative opinion that one who has been convicted of such a crime is no longer qualified to hold the office of an attorney and discharge the duties thereof. No authority has been brought to our attention holding such a statute violative of any constitutional right or as being the infliction of any unusual punishment.

This brings us to the allegations of the answer. The defendant admits the conviction as set forth in the accusation. The defense set out is to the effect that upon being arraigned in the justice's court the defendant entered the plea of "not guilty" and the further plea of "former conviction; that at the time of the entry of these pleas in open court, it was then and there orally stipulated and agreed by and between respondent and the prosecuting attorney for Canyon county, that the plea of former conviction as entered was true, and that the defendant had been already convicted of the offense charged by the judgment of the police court in and for the town of Nampa, Canyon county; that no trial was had upon the plea of former conviction, and that such plea was not entered on the docket of the justice, and that the defendant was compelled to proceed to trial upon his plea of not guilty, and was thereafter convicted, and that no verdict or judgment was ever rendered or entered on the plea of former conviction. This court heard the proofs on the defense thus pleaded. There is but a slight, if any, real conflict in the evidence on that subject. The defendant, the justice of the peace, the police judge and the county attorney, all testified, and from the evidence introduced we find the following facts:

The state of facts on which the conviction was had in the police court and in the justice's court was the same, and the two prosecutions involved the same transaction. The first prosecution, however, in the police court, was for the violation of a city ordinance. The second prosecution had in the justice's court was for violation of the state statute defin-

ing petit larceny and providing a punishment therefor. At the time the defendant was called for trial in the justice's court on charge of violating the statute of the state, he entered the plea of not guilty and also the plea of former conviction, and moved that he be discharged on the ground that he had been once convicted in a court of competent jurisdiction for the same offense. He waived a trial by jury and the case was heard before the justice. No formal evidence appears to have been introduced on either side as to the former conviction, but it was apparently mutually understood between the defendant, the prosecuting attorney and the justice of the peace as to what the real facts were with reference to the former conviction, and the evidence was introduced touching the plea of not guilty, and after the case was finally submitted, the justice of the peace decided against the defendant on his plea of former conviction and found him guilty as charged in the complaint. Immediately following the conclusion of the trial, the justice of the peace left all the papers in the case on his desk and left the office and went to lunch. On returning to his office the papers were all missing, and he never thereafter was able to find them. He subsequently made his docket entries and overlooked and neglected to enter the defendant's plea of former conviction, and also neglected to enter any conclusion or decision reached by him on that plea. He entered the plea of not guilty and his finding of the defendant guilty as charged and the judgment of conviction. The defendant paid the fine imposed and the justice made his docket entry accordingly. No appeal was ever taken from this judgment. The justice thereafter certified to the clerk of this court the record of conviction so made and entered. From the foregoing facts it is clear to us that the defendant's plea of former conviction was not well taken in the justice's court. He had been previously convicted for the same offense. A conviction for violation of a city ordinance, although covering the same state of facts, is not a defense to a prosecution under the state statute. (*State v. Preston*, 4 Ida. 215, 28 Pac. 694; *State v. Quong*, 8 Ida. 194, 67 Pac. 491.)

In passing upon the merits of this alleged defense as we have, we do not mean to be understood as holding that the failure of the justice of the peace to find on the defendant's plea of former conviction, had he in fact failed to do so, could be raised at this time in a collateral way. In other words, we do not mean to hold that a failure to find on the plea of former conviction would have amounted to a loss of jurisdiction to render judgment on a verdict or finding of guilty under the plea of not guilty.

The proofs in this case bring the defendant within the purview of the statute, and under the direction of sec. 4014, Rev. Stat., there is only one judgment that can be entered against him, and that is; that his name be stricken from the roll of attorneys and counselors of this court, and that he be precluded from practicing as an attorney and counselor in any of the courts of this state, and that he forthwith deliver his certificate of admission to the clerk of this court for cancellation. Judgment will be entered accordingly.

Sullivan, C. J., and Stewart, J., concur.