(June 25, 1918.)

## In re EDWARD HOFSTEDE.

[173 Pac. 1087.]

ATTORNEYS AT LAW—DISBARMENT—MORAL TURPITUDE.

1. Sec. 4003, Rev. Codes, which provides that in case of the conviction of an attorney of a felony, or misdemeanor involving moral turpitude, the clerk of the court must transmit to the supreme court a certified copy of the record of conviction, is not obligatory upon federal courts or their officers. Failure to conform to it does not deprive the court of the power, nor relieve it of the duty, to proceed, upon its own motion, or otherwise, in disbarment cases, whenever facts justifying such action are brought to its attention.

2. The crime of aiding another to avoid registration, committed by counseling and advising young men, subject to registration, to not register for military service, as required by the act of Congress approved May 18, 1917, thereby seeking to interfere with the government of the United States in its efforts to raise an army in time of war, involves moral turpitude.

[As to crimes and other misconduct that are causes for disbarment, see note in 42 Am. Rep. 557.]

PROCEEDINGS for disbarment of Edward Hofstede. Judgment of disbarment ordered.

Edward Hofstede, *pro se.*

J. P. Pope, for Attorney General.

Counsel cite no authorities.

MORGAN, J.—On March 14, 1918, there was lodged with the clerk of this court a certified copy of a judgment made and entered on November 13, 1917, in the district court of the United States for the central division of the district of Idaho, adjudging Edward Hofstede, who is an attorney and counselor at law, admitted to practice in this state, to be guilty of the crime of aiding another to avoid registration under the selective service law of the United States (Act of May 18, 1917), and sentencing him, as punishment therefor, to be imprisoned in the county jail of Latah county for the term of four months. A citation was thereupon issued directing him to appear before this court, at its courtroom in Lewiston, on April 10, 1918, and to show cause, if any existed, why his name should not be stricken from the roll of attorneys and counselors and he be precluded from practicing as such in all the courts of Idaho, as provided in subd. 1, sec. 4002, and sec. 4014, Rev. Codes, as follows:

Sec. 4002. "An attorney and counselor may be removed or suspended by the supreme court and by the district courts for either of the following causes, arising after his admission to practice:

"1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction is conclusive evidence."

Sec. 4014. "Upon conviction, in cases arising under the first subdivision of section 4002, the judgment of the court must be that the name of the party must be stricken from the roll of attorneys and counselors of the court, and that he be

precluded from practicing as such attorney and counselor in all the courts of this state. . . . . ''

At the time and place appointed Hofstede appeared and filed objections to the sufficiency of the accusation against him, contained in the citation above mentioned, and alleged:

''That the violation of the 'selective service,' so called, does not constitute moral turpitude.

''That nothing in said accusation set forth comes within the purview of the provisions contained in sec. 4002 of the Idaho Revised Codes.

''That the record of conviction, if any was made, was not filed within thirty days after November 13, 1917.''

Sec. 4003, Rev. Codes, provides: ''In case of the conviction of an attorney or counselor of a felony, or misdemeanor involving moral turpitude, the clerk of the court in which a conviction is had, must, within thirty days thereafter, transmit to the supreme court a certified copy of the record of conviction.''

The objection to the effect that a certified copy of the record of conviction was not transmitted to this court within thirty days after November 13, 1917, the date of conviction, is without merit. Sec. 4003 is for the government of clerks of state courts and is, of course, in no manner obligatory upon federal courts or their officers. The purpose of the legislature in enacting it was to insure that there would be brought to the attention of the supreme court authentic information of the conviction of any of its attorneys of crimes justifying their disbarment. It does not confer jurisdiction upon the court, nor does failure to conform to it deprive the court of the power, nor relieve it of the duty, to proceed upon its own motion, or otherwise, in disbarment cases, whenever facts justifying such action are brought to its attention. (6 C. J., 580.)

Upon filing his objections to the sufficiency of the accusation Hofstede asked, and was granted, time within which to present a brief, which has been filed, and carefully considered. He recites therein that he was indicted by the United States grand jury and was convicted ''for a violation

Opinion of the Court—Morgan, J.

of the 'selective service law,' so called, and more particularly
for counseling and advising young men of registration age not
to register for the selective service in the federal army as
required by said law,'' and, he insists, this does not involve
moral turpitude.

This court has heretofore quoted with approval the follow-
ing definition: ''Moral turpitude is an act of baseness, vile-
ness or depravity in the private and social duties which a
man owes to his fellowmen, or to society in general, contrary
to the accepted and customary rule of right and duty between
man and man.'' (*In re Henry,* 15 Ida. 755, 99 Pac. 1054,
21 L. R. A., N. S., 207.)

It is said in *Pullman's Palace Car Co. v. Central Trans-
portation Co.,* 65 Fed. 158: ''What constitutes 'moral tur-
pitude' or what will be held such, is not entirely clear. A
contract to promote crime certainly involves it. A contract
to promote public wrong, short of crime, may or may not in-
volve it. If parties intend such wrong, as where they con-
spire against the public interests, by agreeing to violate the
law or some rule of public policy, the act doubtless involves
moral turpitude. . . . . ''

Applying the rule to be drawn from the foregoing discus-
sion, we find that counseling and advising young men, subject
to registration, to not register for military service, as required
by the act of Congress approved May 18, 1917, thereby seek-
ing to interfere with the government of the United States in
its efforts to raise an army in time of war, is an act of dis-
loyalty, and that the crime of which Edward Hofstede was
convicted involves moral turpitude. Therefore, pursuant to
the provisions of subd. 1, sec. 4002 and sec. 4014, Rev. Codes
of Idaho, the judgment of this court is that his name be
stricken from the roll of attorneys and counselors of this court,
and that he be precluded from practicing as such in all the
courts of this state. The clerk is directed to enter judgment
accordingly.

Budge, C. J., and Rice, J., concur.