(March 6, 1920.)

## In re THOMAS T. KERL.

[188 Pac. 40.]

ATTORNEYS AT LAW—DISBARMENT—MORAL TURPITUDE.

1. The purpose of disbarment is not the punishment of the attorney; it is to protect the public and those charged with the administration of justice from the misconduct of persons who have found their way into the legal profession and who are unfit to perform the duties of an attorney at law.

[As to power of courts to disbar attorneys, see notes in 5 Ann. Cas. 990; 15 Ann. Cas. 419.]

2. If a citizen of the United States of America, at a time when our country is at war, knowingly and wilfully makes false state-

---

On the question of conviction or commission of crime or misconduct by attorney in another state as grounds for disbarment, see note in 19 L. R. A., N. S., 892.

ments with intent to interfere with the success of its military and naval forces and with intent to promote the success of its enemies, or wilfully attempts to cause disloyalty, insubordination, mutiny and refusal of duty in its military and naval forces, or wilfully obstructs its recruiting and enlistment service, his conduct involves moral turpitude.

3. When an attorney at law, admitted to practice in Idaho, has been convicted of a crime involving moral turpitude and a certified copy of the record of his conviction has been filed in this court with a view to bringing about his disbarment, his guilt or innocence is not in issue. The question is, Has he been convicted of such offense? C. S., sec. 6578, makes the record of his conviction conclusive evidence of that fact, and C. S., sec. 6590, prescribes the judgment which must be entered.

[As to disbarment of attorney for act committed in another jurisdiction, see note in 17 Ann. Cas. 599.]

Proceeding for disbarment of Thomas T. Kerl. Judgment of disbarment ordered.

O. O. Haga, Chairman Grievance Committee State Bar Association.

The conviction of a felony or misdemeanor involving moral turpitude in the federal court or the courts of a sister state is ground for disbarment in Idaho. (*In re Davies*, 93 Pa. 116, 39 Am. Rep. 729; *In re Graffius*, 241 Pa. 222, 88 Atl. 429; *State ex rel. Hardin v. Grover*, 47 Wash. 39, 91 Pac. 564; *In re Innes*, 176 App. Div. 902, 162 N. Y. Supp. 721; *Selling v. Radford*, 243 U. S. 46, Ann. Cas. 1917D, 569, 37 Sup. Ct. 377, 61 L. ed. 585; *Barnes v. District Court of Appeal*, 178 Cal. 500, 173 Pac. 1100.)

Conviction under like circumstances is ground for disbarment, regardless of whether the charge of which accused has been convicted constitutes a felony or misdemeanor as defined by our statutes. (*In re Heymann*, 156 App. Div. 73, 140 N. Y. Supp. 1065; *State Board of Law Examiners v. O'Neill* (*In re O'Neill*), 137 Minn. 477, 163 N. W. 504; *Barnes v. District Court, supra.*)

The crime of which accused stands convicted, under the rules as laid down, constituted a crime involving moral tur-

pitude. (*People ex rel. Chicago Bar Assn. v. Meyerovitz*, 278 Ill. 356, 116 N. E. 189; *In re Shepard*, 35 Cal. App. 492, 170 Pac. 442; *Lotto v. State* (Tex. Civ.), 208 S. W. 563; *In re Hofstede*, 31 Ida. 448, 173 Pac. 1087.)

Thomas T. Kerl, *pro se.*

Unless the conviction is had under a statute which states an offense recognized by our court, there can be no legal disbarment. (*State v. Biggs*, 52 Or. 433, 97 Pac. 713; *In re Ebbs*, 150 N. C. 44, 17 Ann. Cas. 592, 63 S. E. 190, 19 L. R. A., N. S., 892.) The offense of which I was convicted does not involve moral turpitude. (*Pullman's Palace Car Co. v. Central Transp. Co.*, 65 Fed. 158; *Baxter v. Mohr*, 37 Misc. Rep. 833, 76 N. Y. Supp. 982; *Gillman v. State*, 165 Ala. 135, 51 So. 722; *Ex parte Saraceno*, 182 Fed. 955; *Fort v. City of Brinkley*, 87 Ark. 400, 112 S. W. 1084; *Swope v. State*, 4 Ala. App. 83, 58 So. 809; *Pollok v. State* (Tex. Cr.), 101 S. W. 231.)

"Moral turpitude implies something immoral in itself, regardless of whether or not it is punishable by law." (*Pippin v. State*, 197 Ala. 613, 73 So. 340; *In re Saddler*, 35 Okl. 510, 130 Pac. 906, 44 L. R. A., N. S., 1195; *In re Hopkins*, 54 Wash. 569, 103 Pac. 805; *In re Henry*, 15 Ida. 755, 99 Pac. 1054, 21 L. R. A., N. S., 207; 25 Cyc. 272.)

Punishment by fine only is not infamous. (*Buck v. Hersey*, 31 Me. 558.)

MORGAN, C. J.—Thomas T. Kerl, an attorney at law admitted to practice in the courts of Idaho, was, on December 12, 1918, in the district court of the United States, in and for the Omaha division of the district of Nebraska, convicted of violating the portions of U. S. Statutes at Large, vol. 40, chapter 75, page 553, which are as follows: "Whoever, when the United States is at war, shall wilfully make or convey false reports or false statements with the intent to interfere with the operation or success of the military or naval forces of the United States, or to promote the success of its enemies, . . . . and whoever, when the United States is at war, shall wilfully cause or attempt to cause, or incite or attempt to incite, in-

subordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or shall wilfully obstruct or attempt to obstruct the recruiting or enlistment service of the United States, . . . . shall be punished by a fine of not more than $10,000 or imprisonment for not more than twenty years, or by both.''

The acts of which Kerl was convicted consisted of certain statements, which he was alleged to have made to a number of persons, when the United States of America was at war with the Imperial German government, with the unlawful intent and purposes above indicated. He was sentenced to pay a fine of $2,000 and costs, which he paid.

An accusation, accompanied by certified copies of the indictment, verdict and sentence, was filed in this court, and it was therein charged that Kerl had been convicted of a crime which involved moral turpitude, being the offense above mentioned. A citation was thereupon issued directing him to show cause, if any he had, why he should not be disbarred. He answered the accusation, both orally and in writing, admitting the conviction and denying that the acts and statements of which he had been accused and convicted involved moral turpitude. He also denied that he made the statements, or that he entertained the views therein expressed, and he insists he is now and always has been a patriotic citizen of the United States of America.

The statutes of Idaho applicable to this case are as follows:

C. S., sec. 6578. ''An attorney and counselor may be removed or suspended by the supreme court and by the district courts for either of the following causes, arising after his admission to practice: 1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction is conclusive evidence. . . . . ''

C. S., sec. 6580. ''The proceedings to remove or suspend an attorney and counselor under the first subdivision of section 6578 must be taken by the court on the receipt of a certified copy of the record of conviction. . . . . ''

C. S., sec. 6590. ''Upon conviction, in cases arising under the first subdivision of section 6578, the judgment of the court

must be that the name of the party must be stricken from the roll of attorneys and counselors of the court, and that he be precluded from practicing as such attorney or counselor in all courts of this state, . . . . "

The supreme court of North Carolina, in the *Matter of I. N. Ebbs,* 150 N. C. 44, 17 Ann. Cas. 592, 63 S. E. 190, 19 L. R. A., N. S., 892, construing a statute similar to ours, held it did not confer power to disbar an attorney because of his conviction in the courts of another state, or of the United States, and the supreme court of Oregon, in *State v. Biggs,* 52 Or. 433, 97 Pac. 713, construing a like statute, held that because there was no offense known to the law of the state as "conspiracy to suborn perjury," an attorney's conviction of that crime in a federal court would not warrant his disbarment. In view of the purpose of the law the opinions in these cases are not persuasive.

A certificate of admission to the bar is a pilot's license which authorizes its possessor to assume full control of the important affairs of others and to guide and safeguard them when, without such assistance, they would be helpless. Moreover, in Idaho, it is a representation made by this court that he is worthy of the unlimited confidence which clients repose in their attorneys; trustworthy to an extent that only lawyers are trusted, and fit and qualified to discharge the duties which devolve upon members of his profession.

The purpose of disbarment is not the punishment of the attorney; it is to protect the public and those charged with the administration of justice from the misconduct of persons who have found their way into the legal profession and who are unfit to perform the duties of an attorney at law. (*In re Wourms,* 31 Ida. 291, 170 Pac. 919.)

It is competent for the legislature to provide that conviction of an attorney in any jurisdiction of a felony or misdemeanor involving moral turpitude, whether his acts are so designated by the laws of this state or not, shall be deemed to be sufficient ground for revoking his license. The Idaho legislature so provided by enacting sec. 6578, subd. 1, above quoted, and by not limiting its scope. (*In re Shepard,* 35 Cal.

App. 492, 170 Pac. 442; *In re Thompson,* 37 Cal. App. 344, 174 Pac. 86; *In re Kirby,* 10 S. D. 322, 73 N. W. 92, 907, 39 L. R. A. 856, 859.)

If a citizen of the United States of America, at a time when our country is at war, knowingly and wilfully makes false statements with intent to interfere with the success of its military and naval forces and with intent to promote the success of its enemies, or wilfully attempts to cause disloyalty, insubordination, mutiny and refusal of duty in its military and naval forces, or wilfully obstructs or attempts to obstruct its recruiting and enlistment service, his conduct involves moral turpitude. (*In re Hofstede,* 31 Ida. 448, 173 Pac. 1087.)

When an attorney at law, admitted to practice in Idaho, has been convicted of a crime involving moral turpitude and a certified copy of the record of his conviction has been filed in this court with a view to bringing about his disbarment, his guilt or innocence is not in issue. The question is, Has he been convicted of such offense? C. S., sec. 6578, makes the record of his conviction conclusive evidence of that fact, and C. S., sec. 6590, prescribes the judgment which must be entered.

In conformity to the requirements of the section last mentioned the name of Thomas T. Kerl will be stricken from the roll of attorneys and counselors of this court, and he will be precluded from practicing as such attorney or counselor in all the courts of this state. The clerk is directed to enter judgment accordingly.

Rice and Budge, JJ., concur.