(No. 4981a.   June 8, 1928.)

In re A. F. DOWNS.

[268 Pac. 17.]

A. F. Downs, for Defendant.

O. W. Worthwine, for Prosecuting Committee of Idaho State Bar.

T. BAILEY LEE, J.—Petition to review a judgment of the Bar Commission in disbarment. This case is on all-fours with that of *In re Dampier, ante,* p. 195, 267 Pac. 452, and should be governed by the principles therein announced,

supplemented by the recent holdings in *In re Edwards*, 45 Ida. 676, 266 Pac. 665. The judgment of the Bar Commission is set aside; and the proceedings should be ordered dismissed.

Wm. E. Lee, C. J., concurs.

TAYLOR, J.—I concur in setting aside the judgment of the Bar Commission for the reasons assigned, but I cannot concur in an order dismissing the proceedings.

Under C. S., sec. 6578, an attorney may be disbarred for "any violation of the oath taken by him or his duties as such attorney and counselor." These duties are prescribed by C. S., sec. 6572, among others, to support the laws of this state and maintain the respect due to the courts of justice and judicial officers. C. S., sec. 6580, authorizes proceedings by this court for violation of C. S., sec. 6578, on matters within its knowledge or upon the information of another.

This court has declared its inherent power to inquire into the unprofessional conduct of members of the bar, and that the conviction of a public offense need not be awaited before passing upon a disbarment charge involving the commission of such offense. (*In re Edwards*, 45 Ida. 676, 266 Pac. 665.) The Bar Commission Act confers power upon the Commission to make such inquiry.

The evidence of petitioner's proposal in his letter, and the attempt shown therein to induce a woman to live with him in concubinage, tend to establish the commission of a felony under C. S., sec. 8271. His unmistakable proposal was to form a partnership and live in illegal cohabitation, the woman to be used to "draw patronage to a business that mere men can't attract," she to be a partner and share as a partner in the proceeds of his law practice and of a collection business so intimately associated therewith. The contents of this letter, with his answer and brief before the Commission, so tend to establish his unprofessional conduct and a lack of good moral character necessary to

entitle him to a license to practice law, that the matter must not be summarily ignored by dismissal of these proceedings. In the Edwards case, while two charges were dismissed, the cause was remanded to permit a formal charge to be preferred, based upon evidence in the record. This cause should be remanded to permit such charges to be filed as the Commission may deem proper upon the record or upon such additional evidence as may be brought before them, and, with the concurrence of Budge and Givens, JJ., it is so ordered.

GIVENS, J., Concurring Specially.—I am still of the opinion that the conclusion reached by the majority of the court in *In re Dampier, ante,* p. 195, 267 Pac. 452, was wrong, but nevertheless a majority of the court have so declared the law. For that reason only I concur in setting aside the judgment of the Bar Commission.

I concur with Taylor, J., that the cause should be remanded for further proceedings.

BUDGE, J., Dissenting.—Petitioner was indicted by a grand jury in the United States district court on a charge of violating section 211 of the United States Penal Code by mailing through the United States mails an obscene and licentious letter, to which charge he entered a plea of guilty and was sentenced to pay a fine of $400 and to be imprisoned in the Elmore county jail for a period of 30 days. Thereafter, complaint in disbarment was filed with the board of commissioners of the Idaho state bar and proceedings were had as provided by law, which resulted in a recommendation made by said board that judgment be entered disbarring the petitioner. The proceedings came on for hearing, petitioner raising the constitutionality of the act creating the Idaho state bar and other questions that were raised and disposed of in the recent case of *In re Edwards,* 45 Ida. 676, 266 Pac. 665, in which latter case the constitutionality of the act was passed upon and in the main upheld.

The record of petitioner's conviction, including the judgment, is on file in this court. Petitioner was convicted of a crime involving moral turpitude. Moral turpitude is an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowmen, or to society in general, contrary to the accepted and customary rule of right and duty between man and man. (*In re Henry*, 15 Ida. 755, 90 Pac. 1054, 21 L. R. A., N. S., 207.) Bouvier, in his Law Dictionary, says: "Everything done contrary to justice, honesty, modesty or good morals is said to be done with turpitude." Anderson's Dictionary of the Law defines turpitude as "doing a thing against good morals, honesty or justice; unlawful conduct; infamy." In the case of *Beck v. Stilzel*, 21 Pa. 522, 524, the supreme court of Pennsylvania refers to moral turpitude in this language: "This element of moral turpitude is necessarily adaptive; for it is itself defined by the state of public morals, and thus far fits the action to be at all times accommodated to the common sense of the community."

The act charged against petitioner, to which he entered a plea of guilty, and for which he was punished, violated the commonly accepted standard of good morals. His act was unlawful, his conduct infamous, and his purpose was to bring about a relationship to live in direct violation of the laws of this state, as evidenced by the character of the letter unlawfully placed in the United States mails.

It is provided by C. S., sec. 6578:

"An attorney and counselor may be removed or suspended by the supreme court . . . . for either of the following causes, arising after his admission to practice:

"1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction is conclusive evidence. . . . . "

C. S., sec. 6580, provides:

"The proceedings to remove or suspend an attorney and counselor under the first subdivision of section 6578 must be taken by the court on the receipt of a certified copy of the record of conviction. . . . . "

C. S., sec. 6590, provides:

"Upon conviction, in cases arising under the first subdivision of section 6578, the judgment of the court must be that the name of the party must be stricken from the roll of attorneys and counselors of the court, and that he be precluded from practicing as such attorney or counselor in all the courts of this state . . . . "

It will thus be observed that when an attorney is convicted of either a felony or misdemeanor involving moral turpitude, the record of conviction is conclusive, and is not subject to collateral attack. In such circumstances it is the mandatory duty of this court to comply with the provisions of C. S., sec. 6590, by striking the name of such attorney from the roll of attorneys and counselors of the court and precluding him from practicing as such attorney or counselor in all the courts of this state.

As was said in *In re Sutton*, 50 Mont. 88, Ann. Cas. 1917A, 1223, 145 Pac. 6:

"Since, under section 6393 of the Revised Codes, (similar to C. S., sec. 6578) the certified copy of the record of conviction is made conclusive evidence, and this court is left *no discretion but to proceed under section 6410* (similar to C. S., sec. 6580), the convicted attorney and counselor is not entitled to notice by citation or other process. It is his bounden duty to know that the legal consequence of his final conviction is his disbarment. *In re Bloor*, 21 Mont. 49, 52 Pac. 779."

The next question raised—does the disbarment provision contemplate a conviction in any court within the state, whether state or federal, or must it be construed as meaning a conviction in a state court only? This court has heretofore held in proceedings for disbarment, that conviction of a crime involving moral turpitude in a federal court is within the terms of the disbarment statute. (*In re Kerl*, 32 Ida. 737, 8 A. L. R. 1259, 188 Pac. 40; *In re Hofestede*, 31 Ida. 448, 137 Pac. 1087.) It is next insisted that petitioner would not be subject to disbarment upon conviction in the federal court for an offense not punishable under the

laws of this state. This contention likewise has been disposed of by this court in *In re Kerl* and *In re Hofestede, supra.*

In *Barnes v. District Court of Appeals,* 178 Cal. 500, 173 Pac. 1100, the following language is used in the course of the opinion:

''The reasons which induced the Legislature to prescribe this (conviction of a felony or misdemeanor involving moral turpitude) as a ground for disbarment are as potent when applied to a conviction in a court of another state, or in a court of the United States, as when applied to a conviction in the courts of this state. It was not because of the particular court which adjudges the attorney guilty, or the place where he sits, that the Legislature saw fit to make that a cause for disbarment, but because of the bad moral character of such attorney, which the Legislature deemed was conclusively proved by such record of conviction. No reason appears for the conclusion that the section should be held to apply only to convictions in the courts of this state.''

Looking at C. S., sec. 6578, *supra,* and other cognate sections, it is evident that these statutory provisions refute the conclusion that the disbarment provided for is to be the result of a conviction in the courts of this state only, or for an offense punishable by the laws of this state only, and that no such result is to follow a conviction in the federal courts of an offense not made punishable by the laws of this state.

Neither is there any merit in the contention that in order to uphold a judgment of disbarment the act or acts must relate to or grow out of the performance of the duties of an attorney in his professional capacity as such. The theory of the law is that an attorney guilty of an offense involving moral turpitude is unworthy to be an officer of the court or to longer remain in a profession founded essentially on honor, confidence and trust. The standard of personal and professional integrity which should be applied to persons admitted to practice law is not satisfied by such

conduct as merely enables them to escape the penalties of the criminal law. Under no circumstances would this petitioner be admitted to practice law in the courts of this state in the face of the record herein, which being true his continuing in the practice should no longer be tolerated.

The recommendation of the board of commissioners of the Idaho state bar, that petitioner's name be stricken from the roll of attorneys and counselors of this court and that he be precluded from practicing as such attorney or counselor in all the courts of this state, should be approved.

In view of the fact that I am in the minority for holding that judgment of disbarment should be entered on the record before us, and since two members of the court are of the opinion that the proceedings should be remanded for further action by the board of commissioners of the Idaho state bar, I join with them in so holding.