[L. A. No. 15668.  In Bank.—June 23, 1936.]

HOMER C. MILLS, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

566

Homer C. Mills, *in pro. per.* for Petitioner.

Philbrick McCoy for Respondent.

CONREY, J.—Before a local administrative committee in Los Angeles County charges were presented and examined, involving alleged professional misconduct of the petitioner, Homer C. Mills, a member of The State Bar of California. After hearing the evidence, that committee made findings and a recommendation to the Board of Governors of The State Bar, suggesting that the said Homer C. Mills be disbarred.

The matter came before the Board of Governors for further hearing, which included a sworn statement made by petitioner to the board. Upon modified findings the Board of Governors made its recommendation to the Supreme Court that petitioner be disbarred. In the resolution of the board this court was advised that in fixing the degree of discipline recommended, the board took into consideration petitioner's past record, which included a suspension from the practice of law, as ordered by the Supreme Court, during a part of the years 1930–1931. (*Mills* v. *State Bar*, 211 Cal. 579 [296 Pac. 280, 297 Pac. 19].) On petition of the said Mills we issued the writ under which the above-mentioned proceedings were brought before this court for review, and the record has been filed herein as required by writ.

The first of the charges upon which the proceedings against petitioner are based relates to a sum of $100 collected by him for one Holcombe, who had entrusted to petitioner a certain note for collection. There is evidence substantially sufficient to prove that after collecting this money, petitioner

applied it to his own use, and delayed performance of his duty to account for the proceeds of collection until after his client had made the complaint under which The State Bar has prosecuted this charge.

The second charge relates to the conduct of petitioner as attorney for one Mrs. Gripton. It appears that in the course of his transactions for and with Mrs. Gripton, as her attorney, petitioner received from her certain sums of money for payment of costs of the proceedings then being conducted on her behalf. The evidence shows that a part of this money was applied by petitioner to his own personal use and in violation of his duty to his client. There is some conflict in the evidence, and if the triers of fact, including this court, should give full credence to the testimony of petitioner, probably we should have to agree with that member of the local administrative committee who refused to join in the recommendation adverse to petitioner. But there are facts clearly and positively proved which make it very difficult to accept petitioner's excuses for his failure to pay over to his clients the moneys which he had received for their account. On the contrary, the findings are well sustained in this, that he did apply to his own use the said moneys of his clients, and that he did so in violation of his professional duty. A lawyer who keeps no books of account, and who does not make any bank deposits of his clients' funds while they are in his possession, should not be astonished when an examining committee or court refuses to believe his uncorroborated story that moneys thus placed in his possession have been stolen out of his office desk.

█ As was pointed out by the Board of Governors, it is a fact that about five years ago this same petitioner was before The State Bar and before this court in another case wherein it became necessary by way of discipline to suspend for one year his license to practice law. It is appropriate to take into consideration this previous record in deciding what penalty should be imposed for the misconduct involved in the present proceeding. █ Whatever might be said in favor of a milder punishment for single misdemeanors not involving deliberate moral turpitude, there is no doubt in our minds that any lawyer who is guilty of habitual misuse of the funds of his clients should be deprived of the license under which he is authorized to practice law, and by which he has been recommended to the public as a person worthy of trust.

It is therefore ordered that petitioner, Homer C. Mills, be, and he hereby is, disbarred from the practice of law in this state and his name is stricken from the roll of attorneys in the state of California.

Thompson, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.