THE PEOPLE, Respondent, v. HOMER C. MILLS, Appellant.

G. L. Rockwell for Appellant.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

DORAN, J.—Defendant herein was charged by information with five counts of issuing checks without sufficient funds, felonies, and on December 8, 1936, entered a plea of guilty to count 1 of the information. Permission was granted to file an application for probation. Time for the hearing on the application for probation and the pronouncing of judgment and sentence was set for December 18, 1936; however, on that date, due to illness of counsel, the matter was con-

tinued to February 5, 1937, at which time the application for probation was denied and defendant was sentenced to the penitentiary. A thirty-day stay of execution was granted. On March 11, 1937, defendant appeared in court and made two motions,—one to set aside the plea of guilty and to be permitted to enter a plea of not guilty, which motion was denied; thereupon defendant made a motion to modify the judgment, in connection with which motion the court was requested to "give this defendant a suspended county jail sentence". This motion was also denied.

Defendant appeals from the order denying the two motions on the ground that the court abused its discretion in denying the same.

The verified petition supporting the motion to modify the judgment, in the lower court, set forth four grounds as the basis of the motion: namely, "1. That the Court abused its discretion in determining that defendant was not entitled to probation; 2. That the Court abused its discretion in determining that the crime to which defendant plead guilty constituted a felony instead of a misdemeanor; 3. That the report of the probation officer upon which the Court acted, was in many respects incomplete, misleading, and contrary to the facts; 4. That said probation officer concealed from the Court important facts which were material to the proper consideration of defendant's cause; and that said Court relied and acted upon said report and the Court was deceived and misled thereby to the prejudice of the defendant." The same claims are reasserted on appeal, in addition to which it is further contended, in substance, that appellant is not guilty of the crime charged; that the transaction was civil in its nature and not criminal; that the court failed in its duty to make proper inquiry before pronouncing judgment; that the trial court should have dismissed the case on its own motion in the interests of justice, and that it ruled contrary to law with respect to other contentions then and there urged by defendant.

No fraud, duress or other fact which might have affected the will and judgment of the defendant at the time of entering the plea of guilty is alleged. Appellant's reason for having pleaded guilty, as set forth in his verified petition, was that he "only plead guilty to said charge, because he

was worried and harassed on financial matters and the pending charges, and was led to believe that if he plead guilty he would be allowed probation and could go forward with his business operations without further hindrance or controversy''. However, no fact is alleged in defendant's verified petition as to how he was ''led to believe that if he plead guilty he would be allowed probation''. In further support of appellant's contention that the court abused its discretion in the manner hereinbefore outlined, it is urged that appellant ''has a good reputation, never before having been convicted of a crime, except he inadvertently plead guilty to a misdemeanor charge pending in another county, due to the fact that he was supplied with wrong and incorrect data by his former attorney''. It should be noted in this connection that at the time defendant pleaded guilty in the instant case, he was not represented by the same lawyer who later appeared to urge the motions. At the hearing on the motions above mentioned, defendant's then counsel asserted that ''defendant, *upon the advice of counsel,* and through inadvertency, because of his harassed state of mind, and ill health, pleaded guilty'' (italics added) ; incidentally, it should be further noted that the defendant, himself, is an attorney at law. The trial judge was not bound to believe the defendant's declarations or to rule on the conflicting contentions otherwise than his best judgment dictated.

It appears from the record that all of the matters presented by the appeal herein, properly applicable, were submitted to the trial court in the two motions made after judgment. The questions raised by the motions were addressed to the sound discretion and judgment of the trial court, and appellant presents nothing by the appeal herein that indicates either an error of judgment or an abuse of discretion. The cases relied upon by appellant (for example, *People* v. *Grant,* 97 Cal. App. 60 [274 Pac. 1005, 275 Pac. 838]), are not in point. As hereinbefore stated, in substance, appellant does not contend that he was the victim of fraud, duress or designing influence, as the result of which he was induced to enter a plea of guilty, but attributes the plea to his own state of mind. There is nothing in the record to justify a conclusion that the trial court abused its discretion.

With respect to the procedure that was followed as to the matters herein discussed, no question was raised by respond-

ent as to whether the judgment, at the time the motions were made, had become final, nor were the validity and propriety of said motions disputed, nor, also, in that connection, was the question raised as to whether the court in the face of the record had power to enter any order at all that would affect the judgment. Such questions, are, therefore, not decided; but nevertheless the opinion herein is not to be construed as an expression of approval of the procedure followed.

For the reasons hereinbefore given, the order appealed from is affirmed.

Houses, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1937.