227 P.2d 81

In re MILLS.

No. 7626.

Supreme Court of Idaho.

Feb. 1, 1951.

Rehearing Denied Feb. 16, 1951.

Homer C. Mills, Searchlight, Nev., pro se.

Sam S. Griffin, Secretary of State Bar Commission, Boise, for respondent.

PER CURIAM.

Asserting he did not know of the criminal and disciplinary proceedings hereinafter referred to until about the first of December, 1949, the secretary of the Board of Commissioners of the Idaho State Bar filed, February 9, 1950, a complaint with the Commission reciting in substance and as later augmented further by subsequent proceedings: that petitioner was admitted to practice before the Supreme Court of this State February 7, 1910, and so continued until 1925 when he moved to California where he was suspended from the practice of law for one year from February 25, 1931; Mills v. State Bar of California, 211 Cal. 579, 296 P. 280 and 297 P. 19; that thereafter he was disbarred; Mills v. State Bar of California, 6 Cal.2d 565, 58 P.2d 1273; that on a plea of guilty, he was convicted of a felony, People v. Mills, 22 Cal. App.2d 725, 71 P.2d 946, and was incarcerated therefor in the State Penitentiary at San Quentin from November 20, 1937 until he was paroled May 22, 1939, and discharged May 20, 1940; that the said petitioner is now residing in the State of Nevada, and asking that the said petitioner be disbarred herein.

The Commission February 9, 1950, issued a citation advising petitioner of the complaint and requiring him to answer same within twenty days from date of service, shown to have been February 13, 1950, by return on registered mail signed by petitioner, who, March fourth, filed his answer with the Commission admitting the suspension, disbarment, and conviction of a felony, but urging in avoidance thereof that two of the three members conducting the preliminary suspension proceedings were prejudiced against him; that he was induced to plead guilty to the felony charge because of fraud and undue influence; and that he had sought to have the plea of guilty set aside, such defense being overruled and the conviction sustained in People v. Mills, supra; further that petitioner intends to institute proceedings to be reinstated in California; that he has not practiced in Idaho since 1925, though it appears he did pay the annual license fees required, between 1944 and 1949; and that he does not plan to return to or practice in the State of Idaho; and asked that the proceedings be dismissed.

Thereafter, April 6, 1950, notice was given to petitioner—receipt thereof being acknowledged by one of his attorneys—that a hearing would be had on his case in Boise, April 18, 1950. On April 15 one of his attorneys asked for a continuance because of the absence of petitioner then engaged in litigation in Chicago, Illinois. The request was granted and the hearing reset for August fourth, and was again reset for the 11th of August, 1950, due notice thereof being given his then counsel, who, August 9, 1950, advised the Commission they were withdrawing as attorneys for petitioner. August 8, 1950, petitioner asked for a further continuance until August 25 without giving any reason therefor, except the state-

ment it would not be possible for him to be present on the eleventh. This continuance was denied. Hearing was had on the 11th, petitioner not being present in person or by attorney. Complete, properly authenticated documentary evidence in support of the suspension, disbarment, and conviction of felony above referred to, was introduced in evidence and certified as exhibits attached to the transcript of proceedings, and certified to this Court by the Secretary of the Commission on September 7, 1950, together with findings of fact and conclusions of law of the Commission recommending that said petitioner be disbarred.

Thereafter, without further request for a rehearing before the Commission or hearing in open Court, petitioner filed herein October 6, 1950, a petition for review urging the insufficiency of the evidence and lack of substantive controlling law and in support thereof, a brief on January second. The secretary of the Commission filed a reply brief on January 18 of this year.

■ The petitioner, therefore, has, without objection to the procedure, submitted this entire matter as outlined above on the record as certified by the secretary of the Bar Commission, his petition for review thereof, his brief in support thereof, and counter brief of the Commission, to this Court for final determination. The record thus shows that he has had a full and fair hearing on the charges involved and no matter essential to the preservation of his rights has been denied him and we are,

therefore, authorized to dispose of the proceedings. Peters v. State Bar of California, 219 Cal. 218, 26 P.2d 19, at page 22; In re Williams, 180 Md. 689, 23 A.2d 7, at page 11.

■ The disciplinary and disbarment proceedings and conviction of a felony in California, though without the State of Idaho, justify disbarment by this Court. In re Kerl, 32 Idaho 737, 188 P. 40, 8 A.L.R. 1259; In re Minner, 133 Kan. 789, 3 P.2d 473, 79 A.L.R. 38.

In re Dampier, 46 Idaho 195, 267 P. 452; In re Downs, 46 Idaho 464, 268 P. 17, do not, as to the point involved herein, overrule In re Kerl, supra, because fraud is an essential ingredient of the crime for which petitioner was convicted in California, 476 Cal.Penal Code, Deering 1941; People v. Mills, supra; Section 18–3106 I.C., and as amended by 1949 Session Laws, Chap. 111, page 201, and thereby the crime involves moral turpitude, Ponzi v. Ward, D.C., 7 F. Supp. 736, at page 738(2); United States ex rel. Popoff v. Reimer, 2 Cir., 79 F.2d 513, at page 515; Mercer v. Lence, 10 Cir., 96 F.2d 122, citing with approval on such conclusion In re Henry, 15 Idaho 755, 99 P. 1054, 21 L.R.A., N.S., 207.

Therefore, in conformity to Rules 168, 169 and 170 of the Rules of this Court and the Board of Commissioners published December 1950, and pursuant to Sections 3–301, 3–303, 3–412, and 3–413 I.C., the judgment of this Court is that the name of Homer C. Mills be stricken from the roll

of attorneys and counselors of this Court and that he be precluded from practice as such in all the Courts of this State, and that due notice thereof be given the Bar Commission and all the District Courts of this State, and that judgment of disbarment be entered accordingly.